**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANDREA D. WILLIAMS, ) | Chapter 7 |
| ) | Case No. 18-16866 |
| ) | |
| ) | |
| Debtor ) | Judge Donald R. Cassling |
| ) | |

**OBJECTION OF WELLS FARGO BANK, N.A. TO TRUSTEE'S MOTION TO
EMPLOY SPECIAL COUNSEL**

Wells Fargo Bank, N.A. ("Wells Fargo"),[1] represented by the undersigned counsel, hereby files its objection (this "Objection") to the motion of Alex D. Moglia, the chapter 7 trustee ("Trustee") in the above-captioned chapter 7 case of Andrea D. Williams (the "Debtor"), seeking to employ attorney Nick Wooten and the law firm of DJC Law, PLCC as special counsel (collectively, "Special Counsel") to the Trustee (Dkt. 28) (the "Motion"), and states as follows:

**INTRODUCTION**

1. Wells Fargo objects to the concurrent dual representation of both the Trustee and the Debtor by Special Counsel. Absent a further clear disclosure (a) that, currently, both the Debtor and Trustee are entirely aligned, (b) what the decision will be when the interests of the Trustee and Debtor diverge, and (c) of the compensation structure of Special Counsel by the Debtor, Wells Fargo submits that the relief sought in the Motion is inappropriate, thereby warranting its denial.

2. As set forth in more detail herein, despite ample knowledge of Wells Fargo's interest in this chapter 7 case, notice of the Motion was not served on Wells Fargo. Thus, without

---

[1] Wells Fargo is identified in the Notice of Time for Fixing Claims (Dkt. 24-1) as Wells Fargo Home Mortgage, an entity that no longer exists. Thus, as noted by the Debtor in her lawsuit (*see infra* ¶ 5), Wells Fargo is the proper party to the Debtor's chapter 7 case.

notice of the Motion, Wells Fargo was not permitted the opportunity to respond to the relief sought in the Motion before the Court entered its order on May 21, 2024. *See* Dkt. 30 (the "Order"). Thus, in light of the Court's clear authority to revisit its own orders, Wells Fargo humbly requests consideration of this Objection and, for the reasons set forth in more detail herein, modification of the Order to deny the relief sought in the Motion.

## FACTUAL BACKGROUND

3. On June 13, 2018 (the "Petition Date"), the Debtor filed her petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). The Court appointed Alex D. Moglia to serve as the Trustee. The Debtor received a discharge on September 19, 2018.

4. On March 13, 2024, the United States Trustee for the Northen District of Illinois (the "U.S. Trustee") moved to reopen Debtor's bankruptcy case after being notified of a potential estate claim against Wells Fargo (the "Claim"). Dkt. 19. The only basis asserted by the U.S. Trustee for reopening Debtor's bankruptcy case was the Claim. *See id*.

5. On March 19, 2024, six days later, while the U.S. Trustee's request was pending, ***the Debtor*** commenced an action (the "Action") asserting a claim (i.e., the Claim) against Wells Fargo in the United States District Court for the Northern District of Illinois, fashioned *Andrea D. Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-cv-02241 (N.D. Ill.). It is undisputed that the Action includes a claim that arose prior to the Petition Date. Special Counsel is counsel to the Debtor in the Action.

6. On March 26, 2024, the Court granted the U.S. Trustee's motion to reopen. Dkt. 20. On April 2, 2024, Mr. Moglia was re-appointed as Trustee. Dkt. 21.

7. On May 13, 2024, the Trustee filed the Motion, seeking to retain Special Counsel. Dkt. 28. As noted above, despite having commenced litigation against Wells Fargo for an estate

2

claim (*see supra* ¶ 4; *see also* Dkt. 28 ¶ 6 (noting that such cause of action "is an asset of the Bankruptcy Estate")), service of the Motion was not effectuated on Wells Fargo. *See* Dkt. 28 at pp. 2-3.[2] While counsel to the parties have met and conferred, and exchanged multiple emails, since the filing of the Motion, Special Counsel did not provide Wells Fargo notice of the Motion.

8. The Motion refers to a "pending claim" against Wells Fargo. *See* Dkt. 28 ¶ 6. However, the Motion omits that this "pending claim" is an ***estate*** claim commenced ***by the Debtor*** during the pendency of this chapter 7 case.

9. While the Motion discloses Special Counsel's concurrent representation of the Debtor (*see* Dkt. 28 ¶ 5), the Motion fails to indicate what Special Counsel would do in the event of a divergence of interests between the Trustee and the Debtor, and any compensation expected from the Debtor from such dual representation.

10. On May 21, 2024, the Court entered an order granting the Motion. Dkt. 30. As a result, Special Counsel serves concurrently as counsel to both the Debtor and the Trustee.

## **OBJECTION**

11. As the Court well knows, the Trustee "represents the interests of creditors" and owes a fiduciary duty to the estate, and thus, the creditors. *In re Luster*, 981 F.2d 277, 279 (7th Cir. 1992); *In re Salzer*, 52 F.3d 708, 712 (7th Cir. 1995). It is the Trustee's duty to administer the bankruptcy estate, including to collect and liquidate property of the estate and to "close such

---

[2] As noted above, the Trustee filed the Motion on May 13, 2024—almost two months after the Debtor filed the Action. Special Counsel knew who Wells Fargo's counsel was before the Motion was filed. Wells Fargo became aware of Special Counsel's employment by the Trustee two days before a filing in the Action which referred to Special Counsel's "engage[ment]." Pl.'s Opp'n to Wells Fargo's Combined Mot. to Dismiss and Mot. to Strike the Compl., Dkt. 24 at 3, *Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-cv-02241 (N.D. Ill.) (May 30, 2024). A true and correct copy of the referenced document is attached hereto as **Exhibit 1**. Because no notice was previously provided, Wells Fargo did not have the opportunity to object before the Order was entered, and thus requests consideration of and by this Objection.

3

estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

12. Pursuant to section 327(e) of the Bankruptcy Code, a trustee may employ, for a specified purpose, an attorney who *has*—past tense—represented the debtor. 11 U.S.C. § 327(e). Here, Special Counsel *currently* represents the Debtor. The Motion does not indicate that Special Counsel will withdraw from that representation.

13. Section 327(e) further requires that "such attorney does not represent or hold any interest adverse to the debtor *or to the estate* with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e) (emphasis added). An "interest adverse" to the estate includes both actual and reasonably probable conflicts. *In re J.S. II, L.L.C.*, 371 B.R. 311, 321 (Bankr. N.D. Ill. 2007) ("adverse interest" referenced in section 327(e) refers to either an actual or a reasonably probable conflict of interest).

14. The requirements of section 327(e) are strict. Special counsel "should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." *In re Diamond Mortg. Corp.*, 135 B.R. 78, 91 (Bankr. N.D. Ill. 1990) (internal citations omitted).

15. It is undisputed that the Claim is property of the bankruptcy estate as of the commencement of the Debtor's chapter 7 case **on June 13, 2018**. *See* Mot. at ¶¶ 1, 4; *see also* 11 U.S.C. § 541(a)(1); *Kitchner v. Fiergola*, 2018 WL 4473359, at *1 (E.D. Wis. Sept. 18, 2018); *Putzier v. Ace Hardware*, 50 F. Supp. 3d 964, 982 (N.D. Ill. 2014). Thus, the right to commence the Action rested solely with the Trustee, not the Debtor. *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505 (7th Cir. 2016); *Kleven v. Walgreen Co.*, 373 F. App'x 608, 610 (7th Cir. 2010) ("if

4

the event giving rise to the claim occurred before the debtor filed, the claim belongs to the trustee, who has exclusive power to prosecute it").

16. Curiously, Special Counsel has informed Wells Fargo that, despite his ***exclusive*** authority, the Trustee will not pursue the Action itself. Absent formal abandonment by the Trustee of the Claim, the Trustee's stance leaves Wells Fargo in a confusing position, having to litigate against a party that lacks standing or authority to resolve the Action. Since there is no justification to ignore the clear statutory authority guiding who and when a party has standing to pursue the Action (*see* 11 U.S.C. §§ 541, 544), Wells Fargo has sought to dismiss the Action as the Debtor lacks the proper standing to pursue it.

17. Here, the Motion does not disclose whether the Trustee and the Debtor have completely aligned interests here. And Wells Fargo submits that they cannot. While the Trustee is obligated to, among other things, expeditiously maximize value for the creditors (*see* 11 U.S.C. § 704(a)(1)), the Debtor, on the other hand, has a singular focus: to maximize any and all recovery in the Action, no matter the time it takes, or cost or expense. Accordingly, the priorities of the Trustee and the Debtor clearly have the potential to (or may already) diverge. Assuming for the sake of argument that the standing issues permeating the Action are resolved, if the Trustee were willing to accept a resolution that the Debtor does not approve of, what is Special Counsel to do? What if the Debtor were inclined to choose a litigation strategy that the Trustee did not wish to pursue? These, and possibly other, examples demonstrate that employment of Special Counsel presents actual and potential conflicting interests due to existing divergent interests between the Trustee and the Debtor.

18. Moreover, the Motion makes no mention of the fact that the Debtor brought what is clearly and has always been an estate claim, including while the U.S. Trustee's motion was

pending. Nor does the Motion contain disclosures regarding the employment arrangement between the Debtor and Special Counsel, so there is no way to know if Special Counsel's requested compensation structure is appropriate.[3]

19. It is blackletter law that bankruptcy courts have the power to revisit and modify their own orders. *In re Delafield Dev.*, 54 B.R. 442, 445 (Bankr. E.D. Wis. 1985) ("The power of the bankruptcy court to reconsider and modify its own orders is indisputable."); *In re Renaissance Stone Works, L.L.C.*, 373 B.R. 817, 822 (Bankr. E.D. Mich. 2007) (under 11 U.S.C. § 105(a), bankruptcy courts may, *sua sponte*, exercise their inherent power to reconsider, modify or vacate prior orders). Accordingly, Wells Fargo submits that, for the reasons stated herein, it is both necessary and appropriate to modify the Order to deny the Motion, absent further disclosure and provision for the divergence of interests between Special Counsel's two clients.

[conclusion on the next page]

---

[3] The Motion provides for Special Counsel to take a contingency fee of up to 45 percent of any recovery in the Action. Dkt. 28 ¶ 10. Such fees are commonly much lower, calling into question whether Special Counsel's fee accords with the market. *See, e.g., Dobbs v. DePuy Orthopaedics, Inc.*, 2017 WL 4572497, at *3 (N.D. Ill., May 9, 2017) (the typical contingent fee is between 33 and 40 percent) (internal citations omitted). A related consideration is whether Special Counsel stands to make an additional fee from his representation of Debtor. Accordingly, to the extent necessary, Wells Fargo reserves the right to object to the reasonableness of any related fee request.

**CONCLUSION**

WHEREFORE, Wells Fargo respectfully requests that the Court modify the Order to deny the relief requested in the Motion, absent further disclosure and provision for the divergence of interests between the Trustee and the Debtor, and such other and further relief as is just and proper.

Dated: June 11, 2024                                  Respectfully submitted,

/s/ *Carrie V. Hardman*
Carrie V. Hardman (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
T: 212-294-6700
F: 212-294-4700
E: chardman@winston.com

*Counsel to Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 11th day of June, 2024, the foregoing was filed electronically with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system, upon the following:

Thomas W. Toolis
Jahnke, Sullivan & Toolis, LLC
10075 West Lincoln Highway
Frankfort, IL 60423
708-349-9333
Fax : 708-349-8333
Email: twt@jtlawllc.com
*Counsel for the Debtor*

Thomas E. Springer
Springer Larsen Greene, LLC d/b/a Springer Brown
300 South County Farm Road, Suite G
Wheaton, IL 60187
630-510-0000
Fax : 630-510-0004
Email: tspringer@springerbrown.com
*Counsel for the Trustee*

Adam G. Brief
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, IL 60604
312-886-5785
Email: Adam.Brief@usdoj.gov
*Counsel for the U.S. Trustee*

      The undersigned further certifies that on the 11th day of June, 2024, the foregoing was filed electronically with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois, and was served via U.S. Mail, upon the following:

Nick Wooten
DJC Law, PLCC
1012 West Anderson Lane
Austin, TX 78757
(512) 220-1800
Email: nick@teamjustice.com

DJC Law, PLLC
140 South Dearborn St., Suite 1610

Chicago, Il 60603

*Special Counsel for Trustee*