**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ANDREA D. WILLIAMS,<br><br>                                 Debtor. | Chapter 7<br>Case No. 18-16866<br><br>Judge Donald R. Cassling |

**WELLS FARGO BANK, N.A.'S MOTION TO RECONSIDER ORDER AUTHORIZING TRUSTEE'S EMPLOYMENT OF SPECIAL COUNSEL**

Wells Fargo Bank, N.A. ("Wells Fargo"),[1] represented by the undersigned counsel, hereby moves (this "Motion") under sections 105(a) and 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each a "Bankruptcy Rule") and requests that the Court reconsider its *Order Authorizing Employment of Special Counsel* (Dkt. 30) dated May 21, 2024 (the "Order"), approving the motion (Dkt. 28) (the "Retention Motion") authorizing Alex D. Moglia, the chapter 7 trustee ("Trustee"), to employ attorney Nick Wooten and the law firm of DJC Law, PLCC as special counsel (collectively, "Special Counsel") to the Trustee in the above-captioned chapter 7 case of Andrea D. Williams (the "Debtor"). In support of this Motion, Wells Fargo relies on the declaration of Carrie V. Hardman in support of this Motion, filed concurrently herewith (the "Hardman Declaration") and states as follows:

**INTRODUCTION**

1.    Wells Fargo would be remiss not to acknowledge that the retention of Special Counsel by the Trustee violates section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.

---

[1] Wells Fargo is identified in the Notice of Time for Fixing Claims (Dkt. 24-1) as Wells Fargo Home Mortgage, an entity that no longer exists. Thus, as noted by the Debtor in her lawsuit (*see infra* ¶ 5), Wells Fargo is the proper party to the Debtor's chapter 7 case.

2. Wells Fargo is the counterparty to the **_estate_** litigation pending before the United States District Court for the Northern District of Illinois (the "District Court"), originally fashioned *Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-cv-02241 (N.D. Ill. Mar. 19, 2024) (the "Action").

3. Despite being provided clear instruction to reopen the Debtor's bankruptcy case so that a chapter 7 trustee could administer **_estate_** assets (if any) arising from the Action, Special Counsel opted to commence the Action in the name of the Debtor herself. It was after the Action was commenced that this chapter 7 case was reopened upon notice by the Trustee to the United States Trustee's office. Shortly thereafter, the Retention Motion was filed and granted, without notice to Wells Fargo.[2]

4. Despite statements in the Retention Motion that Special Counsel had no connection to the Debtor or any other party in interest in this bankruptcy case prior to the representation of the Debtor,[3] which is characterized as a "pre-petition . . . retention," Special Counsel **_remains_** counsel to the Debtor. Serving as counsel to the Debtor and the Trustee at the same time patently violates applicable provisions of the Bankruptcy Code and Bankruptcy Rules including, without limitation, section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. These violations should not be tolerated, particularly by attorneys serving as counsel to a chapter 7 trustee.

5. Furthermore, as described further below, based on, among other things, the decisions made in commencing the Action instead of reopening this bankruptcy case, pursuing the Action in the Debtor's name, and refusing to substitute the Trustee as the estate representative, the

---

[2] According to the certificate of service, only the Office of the United States Trustee, the Debtor and Trustee's proposed Special Counsel received notice. *See* Dkt. 28, pp. 2-3.
[3] Wells Fargo posits that, as stated, the representation infers that Special Counsel may have other connections to the Debtor or other parties in interest since Special Counsel's pre-petition retention by the Debtor. *See* Retention Motion at ¶ 8. Clarity regarding this point appears necessary, as connections to the Debtor and other parties in interest, whether before or after the Debtor's retention are germane to the analysis under section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.

2

dual representation of the Trustee and Debtor contains inherent and irreconcilable conflict. Thus, absent a further clear disclosure by Special Counsel (a) that, currently, both the Debtor and Trustee's interests are entirely aligned, (b) what the decision will be when the interests of the Trustee and Debtor diverge, and (c) of the compensation structure of Special Counsel by the Debtor, Wells Fargo believes that reconsideration (i.e., denial of the relief sought in the Retention Motion) is appropriate and necessary here.

## FACTUAL BACKGROUND

6. On June 13, 2018 (the "Petition Date"), the Debtor filed her petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"). The Court appointed Alex D. Moglia to serve as the Trustee. The Debtor received a discharge on September 19, 2018.

7. Prior to March 19, 2024, Special Counsel contacted the Trustee regarding a potential estate claim against Wells Fargo (the "Claim").[4] The Trustee indicated to Special Counsel the proper procedure to reopen the bankruptcy estate to pursue the Claim.[5]

8. On March 13, 2024, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") moved to reopen Debtor's bankruptcy case after being notified of a potential estate claim against Wells Fargo—i.e., the Claim. Dkt. 19. The only basis asserted by the U.S. Trustee for reopening Debtor's bankruptcy case was the Claim. *See id*.

9. On March 19, 2024, six days later, while the U.S. Trustee's request was pending, the Debtor, **via Special Counsel,** commenced the Action against Wells Fargo asserting the Claim.

---

[4] *Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-cv-02241 (N.D. Ill.), Aug. 12, 2024 Hr'g Tr. 7:22-25 (the "Aug. 12 Hr'g Transcript") (indicating that "[Special Counsel] contacted [Mr. Moglia] prior to filing suit, as he indicated. . . . He did indicate that we had to go through the process of reopening the bankruptcy estate."). A true and correct copy of the Aug. 12 Hr'g Transcript is appended to the Hardman Declaration as **Exhibit 1**.
[5] *See id.*

3

It is undisputed that the Action includes a Claim that arose before the Petition Date and is, thus, an estate claim. Special Counsel represented the Debtor in the Action.

10. On March 26, 2024, the Court granted the U.S. Trustee's motion to reopen. Dkt. 20. On April 2, 2024, Mr. Moglia was re-appointed as Trustee. Dkt. 21.

11. On May 1, 2024, Wells Fargo moved to dismiss and strike the complaint filed in the Action. *See Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-CV-02241, Dkt. 12.[6] Among other things, Wells Fargo asserted that the Action should be dismissed for lack of standing as the Claim belongs to the bankruptcy estate and not the Debtor. *See Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-CV-02241, Dkt. 14.[7] As to the dismissal for lack of standing, Wells Fargo desired simply to have the "right plaintiff in the matter." *See* Hardman Declaration at Exhibit 1 (Aug. 12 Hr'g Transcript, 11:8-9); *see also id.* at 11:21-23 (noting that the standing issue could "easily" be resolved "through an amendment of the complaint to address the standing issue alone").

12. On May 13, 2024, the Trustee filed the Retention Motion, seeking authority to employ Special Counsel to represent him in the Action. Dkt. 28. As noted above, despite having commenced litigation against Wells Fargo for an ***estate*** claim (*see* Dkt. 28 ¶ 6 (noting that such cause of action "is an asset of the Bankruptcy Estate")), Wells Fargo was not served with the Retention Motion. *See* Dkt. 28 at pp. 2-3.[8]

13. On May 21, 2024, the Court granted the Retention Motion. Dkt. 30. As a result, Special Counsel serves concurrently as counsel to both the Debtor and the Trustee.

---

[6] A true and correct copy of Wells Fargo's motion to dismiss and strike the complaint is appended to the Hardman Declaration as **Exhibit 2**.
[7] A true and correct copy of Wells Fargo's memorandum of law in support of the motion to dismiss and strike the complaint is appended to the Hardman Declaration as **Exhibit 3**.
[8] The Retention Motion was made almost two months after the Debtor filed the Action. Special Counsel knew who Wells Fargo's counsel was before the Retention Motion was filed. Between the filing of the Retention Motion and the entry of the Order, counsel to the parties met and conferred, and exchanged multiple emails, and yet Special Counsel did not provide Wells Fargo notice of the Retention Motion. Because no notice was provided, Wells Fargo had no opportunity to object before the Order was entered.

4

14. On May 30, 2024, despite the Trustee's appointment and the fact that the Action clearly involved an estate Claim, ***the Debtor*** objected to Wells Fargo's motion to dismiss and strike the complaint. *See Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-CV-02241, Dkt. 24.[9] Among other things, the Debtor staunchly opposed substitution of the Trustee as plaintiff in the Action. *See id.*

15. On July 16, 2024, the District Court filed a minute entry on the docket, setting a status conference in the Action and specifically requiring the Trustee's attendance. *See Williams v. Wells Fargo Bank, N.A.*, Case No. 1:24-CV-02241, Dkt. 32.

16. On July 31, 2024, the Trustee filed a notice that the initial projected date of the Trustee's Final Report would be July 15, 2026. *See* Dkt. 35.

17. On August 12, 2024, the District Court held a status conference in the Action. The District Court inquired first of the Trustee whether there was a reason the Trustee could not substitute as the plaintiff in the Action. The Trustee responded that, while he "personally [didn't] see a reason why [he] cannot substitute," he would "defer to [his] counsel for advice," including Special Counsel. *See* Hardman Declaration at Exhibit 1 (Aug. 12 Hr'g Transcript, 5:18-24).

18. On the substitution point, Special Counsel has steadfastly maintained his opposition to substituting the Trustee as a plaintiff in the Action. *Id*. at 7:18-10:3. During the status conference, Special Counsel orally moved to substitute the Trustee for the Debtor in the Action, although it took the District Court delivering an ultimatum before Special Counsel agreed to do so. *Id.* at 15:17-21 ("Mr. Wooten, you can either orally move to [to substitute the Trustee as plaintiff]…Or I have a six-page draft opinion here dismissing the case.").

---

[9] A true and correct copy of the Debtor's opposition to Wells Fargo's motion to dismiss and strike the complaint is appended to the Hardman Declaration as **Exhibit 4**.

5

19. While the Retention Motion discloses Special Counsel's concurrent representation of the Debtor (*see* Dkt. 28 ¶ 5), the Retention Motion fails to specify what he would do in the event of a divergence of interests between the Trustee and the Debtor, and any compensation expected from the Debtor from such dual representation.

## ARGUMENT

20. Special Counsel's concurrent representation of the Debtor and the Trustee, without further disclosures as described herein, violates the Bankruptcy Code and Bankruptcy Rules.

21. Section 327(a) of the Bankruptcy Code requires that a professional employed by the trustee "not hold or represent an interest adverse to the estate, and [be] disinterested." 11 U.S.C. §327(a); *In re Tinley Plaza Associates, L.P.*, 142 B.R. 272, 277 (Bankr. N.D. Ill. 1992) ("The purpose of § 327(a) is to ensure that attorneys employed by the estate have no conflicts of interest with the estate.").

22. Bankruptcy Rule 2014(a) requires disclosure of "all of the person's connections with the debtor, creditors, any other party in interest . . . ." Bankruptcy Rule 2014(a). Among the requirements of Bankruptcy Rule 2014(a) are that:

> The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, ***any proposed arrangement for compensation***, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

> The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

6

Bankruptcy Rule 2014(a) (emphasis added).

23. Section 327(e) further requires that "such attorney does not represent or hold any interest adverse to the debtor *or to the estate* with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e) (emphasis added). An "interest adverse" to the estate includes both actual and reasonably probable conflicts. *In re J.S. II, L.L.C.*, 371 B.R. 311, 321 (Bankr. N.D. Ill. 2007) ("adverse interest" referenced in section 327(e) refers to either an actual or a reasonably probable conflict of interest).

24. The requirements of section 327(e) are strict. Special counsel "should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." *In re Diamond Mortg. Corp.*, 135 B.R. 78, 91 (Bankr. N.D. Ill. 1990) (internal citations omitted).

25. A trustee may employ, for a specified purpose, an attorney who *has*—past tense—represented the debtor. 11 U.S.C. § 327(e). Here, Special Counsel *currently* represents the Debtor. The Retention Motion does not indicate that Special Counsel had withdrawn from that representation. And, based on the recent filings in the District Court Action, and staunch opposition to substitution of the Trustee, it is clear that Special Counsel has not withdrawn from such concurrent representation.

26. The Retention Motion, which contains an appended declaration in support, does not contain sufficient disclosures necessary for the Court to determine whether the appointment of Special Counsel is appropriate. *See* Dkt. 28-1 ("Rule 2014 Affidavit"). Neither the Retention Motion nor the Rule 2014 Affidavit adequately disclose, among other things, that Special Counsel is sufficiently "disinterested," the Debtor and Trustee's interests are currently aligned, what will

7

happen when the Debtor and Trustee's interests diverge, and disclose whether and to what extent Special Counsel is slated to receive compensation from their representation of the Debtor.

27. Instead, the Retention Motion contains qualified statements regarding the disinterestedness of Special Counsel. To start, the Retention Motion notes that Special Counsel had no connection to the Debtor or any other party in interest in this bankruptcy case *prior to the representation of the Debtor in the Action*.[10] The Retention Motion characterizes the retention of Special Counsel by the Debtor as a "pre-petition . . . retention." However, the germane aspect of disinterestedness here is that Special Counsel *remains* counsel to the Debtor. And it is upon that concurrent representation that, without more disclosures, Wells Fargo submits that Special Counsel cannot be disinterested.

28. The Retention Motion does not disclose whether the Trustee and the Debtor have completely aligned interests. And Wells Fargo submits that they cannot. As the Court well knows, the Trustee "represents the interests of creditors" and owes a fiduciary duty to the estate, and thus the creditors. *In re Luster*, 981 F.2d 277, 279 (7th Cir. 1992); *In re Salzer*, 52 F.3d 708, 712 (7th Cir. 1995). It is the Trustee's duty to administer the bankruptcy estate, including to collect and liquidate property of the estate and to "close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).[11] The Debtor, on the other hand, has a singular focus: to maximize any recovery in the Action, no matter the time it takes, or cost or

---

[10] Wells Fargo posits that, as stated, the representation infers that Special Counsel may have other connections to the Debtor or other parties in interest since Special Counsel's prepetition retention by the Debtor. *See* Retention Motion at ¶ 8. Clarity regarding this point appears necessary, as connections to the Debtor and other parties in interest, whether before or after the Debtor's retention are germane to the analysis under section 327(e) of the Bankruptcy Code and Bankruptcy Rule 2014.

[11] The Trustee recently projected that it will take nearly two years to produce his final report. *See* Dkt. 35. Such position—that it will take nearly two years for the Trustee to administer a single asset (where the counterparty is willing and interested in a resolution)—is seemingly at odds with the context of statements made by Special Counsel to the District Court, that the Trustee "would want to be out as soon as" the costs of the estate, administration and compensation are addressed, *see* Hardman Declaration at Exhibit 1, (Aug. 12 Hr'g Transcript 14:15-23).

8

expense. Accordingly, the priorities of the Trustee and the Debtor have the potential to (or may already) diverge.

29. This necessarily raises a real conflict of interest for Special Counsel. If the Trustee were willing to accept a resolution that the Debtor disapproves of, what is Special Counsel to do? What if the Debtor chose a litigation strategy the Trustee did not wish to pursue? These examples demonstrate that the employment of Special Counsel presents actual and potential conflicts due to existing divergent interests between the Trustee and the Debtor.

30. The circumstances around the reopening of the bankruptcy and commencement of the Action indicate that such concurrent representation already contains irreconcilable adversity. Despite Special Counsel's clear knowledge of the bankruptcy and guidance from the Trustee to reopen the bankruptcy case, Special Counsel commenced the ***estate*** Action ***in the Debtor's name***.

31. The August 12, 2024 status conference before the District Court also illuminated the adversity present in concurrent representation of the Debtor and Trustee. As noted above, upon District Court inquiry, the Trustee confirmed that, despite not personally taking issue with substitution, he relies on the advice of his counsel, including Special Counsel, to dispute substitution as the proper plaintiff in the Action. *See* Hardman Declaration at Exhibit 1 (Aug. 12 Hr'g Transcript, 5:18-24). Further to this point, Special Counsel steadfastly maintained opposition to substituting the Trustee as a plaintiff in the Action, *id*. at 7:18-10:3, even indicating that Special Counsel "wouldn't have even filed the [Action]"—*i.e.,* would not have commenced ***<u>estate</u>*** litigation—had Special Counsel not been convinced he could recover a surplus to the Debtor. See *id.* at 13:15-19. It took the District Court's threat of dismissal for Special Counsel to concede to substitution of the plaintiff. *Id.* at 15:17-21. Such a position certainly is not in the interests of the Trustee or the estate.

32. Moreover, the Retention Motion provides for Special Counsel to take a contingency fee of *up to 45 percent of any recovery in the Action*. Dkt. 28 ¶ 10 (emphasis added).[12] What is not disclosed in the Retention Motion is whether Special Counsel stands to recover an additional fee from representation of *Debtor*. Such additional compensation—depending on the percentage of recovery on the Action—could call into question who is the primary beneficiary of the Claim and, by extension, whose interests should Special Counsel prioritize.

33. Bankruptcy courts can revisit and modify their own orders. *In re Delafield Dev.*, 54 B.R. 442, 445 (Bankr. E.D. Wis. 1985) ("The power of the bankruptcy court to reconsider and modify its own orders is indisputable."); *In re Renaissance Stone Works, L.L.C.*, 373 B.R. 817, 822 (Bankr. E.D. Mich. 2007) (under 11 U.S.C. § 105(a), bankruptcy courts may, *sua sponte*, exercise their inherent power to reconsider, modify or vacate prior orders). For the various reasons stated herein, Wells Fargo submits that reconsideration of the Order and, by extension, the Retention Motion, is necessary and appropriate.

---

[12] Such fees are commonly much lower, calling into question whether Special Counsel's fee accords with the market. *See*, e.g., *Dobbs v. DePuy Orthopaedics, Inc.*, 2017 WL 4572497, at *3 (N.D. Ill., May 9, 2017) (the typical contingent fee is between 33 and 40 percent) (internal citations omitted).

10

## **CONCLUSION**

34. In light of the foregoing, Wells Fargo submits that reconsideration of the Retention Motion is appropriate. Consequently, Wells Fargo respectfully requests that the Court modify the Order to deny the relief requested in the Retention Motion, or alternatively, order further disclosure and provision for the divergence of interests between the Trustee and the Debtor, and any other relief that is just and proper.

Dated: September 17, 2024                    Respectfully submitted,

*/s/ Carrie V. Hardman*
Carrie V. Hardman (admitted *pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
T: 212-294-6700
F: 212-294-4700
E: chardman@winston.com

*Counsel to Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 17th day of September, 2024, Wells Fargo Bank, N.A.'s Motion to Reconsider Order Authorizing Trustee's Employment of Special Counsel was filed electronically with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system, upon the following:

Thomas W. Toolis
Jahnke, Sullivan & Toolis, LLC
10075 West Lincoln Highway
Frankfort, IL 60423
Email: twt@jtlawllc.com
*Counsel for the Debtor*

Thomas E. Springer
Springer Larsen Greene, LLC d/b/a Springer Brown
300 South County Farm Road, Suite G
Wheaton, IL 60187
Email: tspringer@springerbrown.com
*Counsel for the Trustee*

Adam G. Brief
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, IL 60604
Email: Adam.Brief@usdoj.gov
*Counsel for the U.S. Trustee*

      The undersigned further certifies that on the 17th day of September, 2024, Wells Fargo Bank, N.A.'s Motion to Reconsider Order Authorizing Trustee's Employment of Special Counsel was filed electronically with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois, and was served via U.S. Mail, upon the following:

Nick Wooten
DJC Law, PLCC
1012 West Anderson Lane
Austin, TX 78757
(512) 220-1800
Email: nick@teamjustice.com

DJC Law, PLLC
140 South Dearborn St., Suite 1610
Chicago, IL 60603

*Special Counsel for Trustee*

                                            */s/ Michael Lavetter*
                                              *Michael Lavetter*