# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ANDREA D. WILLIAMS,         ) | |
|                           ) | |
| Plaintiff,     ) | |
|                           ) | Case No. 1:24-cv-02241 |
| v.     ) | |
|                           ) | Hon. LaShonda A. Hunt |
| WELLS FARGO BANK, N.A.,   ) | |
|                           ) | |
| Defendant.    ) | |
| | |

## WELLS FARGO'S MEMORANDUM OF LAW IN SUPPORT OF ITS
## <u>COMBINED MOTION TO DISMISS AND MOTION TO STRIKE</u>

**Table of Contents**

Page(s)

INTRODUCTION ............................................................................................................... 1

PLAINTIFF'S ALLEGATIONS ......................................................................................... 2

LEGAL STANDARD........................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

    I.    Plaintiff lacks standing because her asserted claim belongs to her bankruptcy estate. ....... 4

    II.    Plaintiff grounds her ICFA claim in time-barred allegations. ............................... 5

    III.    Plaintiff also fails to allege facts to support the elements of her ICFA claim. ................... 7

        A.    Plaintiff fails to plead a factual basis for an unfair act. ........................... 7

            1.    Plaintiff fails to allege that Wells Fargo's conduct offended public policy. ........ 8

            2.    Wells Fargo's conduct was not immoral, unethical, oppressive, or unscrupulous. ..................................................................... 10

            3.    Plaintiff fails to allege that an unfair act caused her substantial injury. ............. 12

        B.    Plaintiff fails to allege that Wells Fargo intended she rely on the error. ................. 12

        C.    Plaintiff fails to allege proximate cause.................................................. 13

    IV.    The Court should strike Plaintiff's time-barred allegations from the Complaint. ............. 14

CONCLUSION..................................................................................................................... 15

## Table of Authorities

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................................3

*Baginski v. JP Morgan Chase Bank N.A.*,
  No. 11 C 6999, 2012 WL 5989295 (N.D. Ill. Nov. 29, 2012)................................................10

*Bell Atl. v. Twombly*,
  550 U.S. 544 (2007)...................................................................................................................3

*Carlos v. Beneficial Fin. I Inc.*,
  No. 17 C 1341, 2017 WL 5593317 (N.D. Ill. Nov. 21, 2017)..............................................5, 7

*Dolemba v. Ill. Farmers Ins. Co.*,
  213 F. Supp. 3d 988 (N.D. Ill. 2016) ................................................................................8, 10

*Geske v. Fed. Nat'l Mortg. Ass'n*,
  No. 13-CV-7720, 2015 WL 1397087 (N.D. Ill. Mar. 25, 2015)....................................7, 8, 12

*Harman v. Gist*,
  No. 02 C 6112, 2003 WL 22053591 (N.D. Ill. Sept. 2, 2003)...............................................14

*Henson v. CSC Credit Servs.*,
  29 F.3d 280 (7th Cir. 1994) ....................................................................................................4

*Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*,
  11 F. Supp. 2d 1006 (N.D. Ill. 1998) ....................................................................................14

*Holmes v. Hous. Auth. of Joliet*,
  No. 14 C 3132, 2015 WL 1826676 (N.D. Ill. Apr. 20, 2015)..................................................4

*Jackson v. Marion Cnty.*,
  66 F.3d 151 (7th Cir. 1995) ...................................................................................................14

*LaSalle Bank Nat'l Ass'n v. Paramont Props.*,
  588 F. Supp. 2d 840 (N.D. Ill. 2008) ....................................................................................10

*Leszanczuk v. Carrington Mortg. Servs., LLC*,
  21 F.4th 933 (7th Cir. 2021) ................................................................................8, 9, 10, 11

*Lightspeed Media v. Smith*,
  830 F.3d 500 (7th Cir. 2016) ............................................................................................4, 5

*McGann v. PNC Bank, Nat'l Ass'n*,
  No. 11 C 6894, 2015 WL 5050155 (N.D. Ill. Aug. 25, 2015)...............................................13

*United States ex rel. Morgan v. Champion Fitness, Inc.*,
  368 F. Supp. 3d 1198 (C.D. Ill. 2019) ..................................................................9

*Pantoja-Cahue v. Ford Motor Credit Co.*,
  375 Ill. App. 3d 49 (Ill. 2007) ...........................................................................11

*Parks v. Wells Fargo Home Mortgage, Inc.*,
  398 F.3d 937 (7th Cir. 2005) ........................................................................12, 13

*Pillows v. Cook Cnty. Recorder of Deeds Office*,
  2019 WL 5654872 (N.D. Ill. Oct. 31, 2019)..........................................................3

*PNC Bank, N.A. v. Van Hoornaar*,
  44 F. Supp. 3d 846 (E.D. Wis. 2014).....................................................................9

*Price v. Philip Morris, Inc.*,
  219 Ill. 2d 182 (Sup. Ct. 2005) ............................................................................13

*Putzier v. Ace Hardware*,
  50 F. Supp. 3d 964 (N.D. Ill. 2014) .......................................................................4

*Robinson v. Toyota Motor Credit Corp.*,
  201 Ill. 2d 403 (Ill. 2002)........................................................................7, 8, 10

*Rodriguez v. Chase Home Fin., LLC*,
  No. 10 C 05876CH, 2011 WL 5076346 (N.D. Ill. Oct. 25, 2011) .........................11

*Shallotte Partners, LLC v. Berkadia Com. Mortg., LLC*,
  2015 WL 4081963 (N.C. App. 2015) ...................................................................11

*Siegel v. Shell Oil Co.*,
  612 F.3d 932 (7th Cir. 2010) .................................................................................7

*Slaughter v. Winston & Strawn LLP*,
  No. 16 C 4451, 2017 WL 1739921 (N.D. Ill. May 4, 2017) ..............................3, 14

*United States v. McNinch*,
  356 U.S. 595 (1958)...............................................................................................9

*Weston v. DB Priv. Wealth Mortg., Ltd.*,
  No. 22 CV 6139, 2023 WL 4864995 (N.D. Ill. July 31, 2023) ..............................7

*Williams v. M&T Bank*,
  No. 09-CV-00369-WDM-BNB, 2010 WL 4511085 (D. Colo. Oct. 5, 2010)..........9

**Statutes**

815 Ill. Comp. Stat. 505/1 ....................................................................... *passim*

11 U.S.C. § 541 ......................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8(a) ...................................................................................................................9

Fed. R. Civ. P. 12(f)...........................................................................................................3, 14

## **INTRODUCTION**

Plaintiff Andrea D. Williams's complaint asserts just one cause of action—violation of the Illinois Consumer Fraud Act, 815 Ill. Comp. Stat. ILCS 505/1, *et seq*. ("ICFA").  Plaintiff alleges that, from 2011 to 2018, Wells Fargo Bank, N.A. ("Wells Fargo") denied her loan modification applications due to errors in proprietary loan decisioning tools.  Plaintiff claims that those actions—as well as the Bank's purported unresponsiveness to Plaintiff's appeal of a modification denial, continuation of a foreclosure on Plaintiff's home, and denial of Plaintiff's short sale requests—constitute "unfair acts" that violate ICFA.  According to Plaintiff, Wells Fargo's conduct caused her to lose her home in a foreclosure sale and forced her to file for bankruptcy, which culminated in a discharge order.  Six days before filing this lawsuit, the Office of the United States Trustee ("U.S. Trustee") moved to reopen Plaintiff's bankruptcy case, and the bankruptcy court granted the request.

Plaintiff's ICFA claim fails for three reasons.  **First**, she lacks standing.  Because her bankruptcy case was reopened, the chapter 7 trustee ("Trustee") is the proper plaintiff to bring any claim arising from conduct before June 2018.  Any claim that arose before the bankruptcy, including the claim asserted in this case, is property of the bankruptcy estate, not the debtor.  **Second**, Plaintiff's claim is based, in part, on conduct for which ICFA's three-year statute of limitations period has already run.  Plaintiff admits that in May 2016 she received a letter from Wells Fargo regarding an erroneously denied loan modification.  Thus, any ICFA claim arising from this letter (or any conduct before March 2021) is time-barred.  **Third**, Plaintiff fails to allege facts to support the elements of an ICFA claim, including (1) an unfair act that meets the criteria set forth by the Seventh Circuit; (2) Wells Fargo's intent that Plaintiff rely on the unfair act; and (3) proximate cause.  Plaintiff fails to plead facts from which this Court could plausibly conclude that the alleged errors amount to "unfairness" within the meaning of ICFA, let alone unfairness

upon which Wells Fargo intended her to rely. Finally, Plaintiff—who admits that her income decreased seven years before the foreclosure sale and that Wells Fargo offered her a modification after the erroneous denial—fails to plausibly plead that her alleged injuries would have occurred absent Wells Fargo's conduct.

The Court should thus strike the time-barred allegations and dismiss the Complaint.

## PLAINTIFF'S ALLEGATIONS

Plaintiff purchased her Glenwood, Illinois house in May 2006, and Wells Fargo acquired servicing rights on her Federal Housing Administration ("FHA") loan. Compl. ¶¶ 67, 104. From 2010 to 2011, Plaintiff's income decreased, and she entered into a forbearance agreement with Wells Fargo. *Id*. ¶ 69. Wells Fargo also set up her account to be reviewed for payment assistance. *See id*. ¶¶ 87, 95. Plaintiff submitted "loan modification packages," loan modification applications, and requests for payment assistance, but Wells Fargo purportedly denied her requests. *Id*. ¶¶ 5, 73–75, 79, 85, 90, 96. However, Plaintiff admits that, in October 2011, her mortgage modification request was declined because "she did not agree to the escrow requirement." *Id*. ¶ 76. In July 2014, Wells Fargo notified Plaintiff that she had been denied a loan modification. *Id*. ¶¶ 96–97. This denial was erroneous. *Id*. ¶ 140 n.12. Plaintiff contends she appealed this loan modification denial in August 2014, and that Wells Fargo did not respond. *Id*. ¶¶ 98–100.

Plaintiff contends that Wells Fargo denied her loan modification applications because of three calculation errors, including an "escrow calculation" error. *Id*. ¶ 142. However, she admits she knew about the escrow calculation error denial more than eight years before filing this lawsuit as she received a letter about this erroneous denial on May 11, 2016. *Id*. ¶¶ 102–107, 136–137. In the letter, Wells Fargo offered Plaintiff a new loan modification that did not require new documentation. *Id*. ¶ 102. But Plaintiff claims that, as a condition of the modification, she would have had to terminate her FHA insurance. *Id*. ¶ 104. Plaintiff refused to accept this condition. *Id*.

¶ 6.  Plaintiff's house was sold at a foreclosure sale in October 2017.  *Id.* ¶ 119.  She filed for bankruptcy on June 13, 2018, and the bankruptcy court discharged her debts in September 2018. *Id.* ¶¶ 128, 130.

On August 9, 2023, Plaintiff received a letter from Wells Fargo explaining that when her loan was considered for payment assistance options, it may have been erroneously denied.  *Id.* ¶¶ 14, 140.  The letter enclosed a check for $45,000 and offered Plaintiff third-party mediation with Wells Fargo.  *Id.* ¶¶ 139–140.  The parties mediated unsuccessfully in December 2023.  *Id.* ¶ 140.  Although Plaintiff advances the narrative that, from 2011 to 2018, Wells Fargo erroneously denied every application for a loan modification filed by Plaintiff, she admits that Wells Fargo identified the date on which she was *actually* erroneously denied: July 16, 2014.  *Compare id.* ¶ 144 *with id.* ¶ 140 n.12.

## LEGAL STANDARD

A court must grant a motion to dismiss when a complaint fails to allege facts that, if true, would "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*  When considering a motion to dismiss, a court may consider "documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."  *Pillows v. Cook Cnty. Recorder of Deeds Office*, 2019 WL 5654872, at *2 (N.D. Ill. Oct. 31, 2019).

A court may strike portions of a complaint it deems "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Courts strike allegations to remove "irrelevant facts" from the case and promote judicial economy.  *Slaughter v. Winston & Strawn LLP*, No. 16 C 4451,

2017 WL 1739921, at *2 (N.D. Ill. May 4, 2017) (striking allegations of time-barred conduct); *Holmes v. Hous. Auth. of Joliet*, No. 14 C 3132, 2015 WL 1826676, at *1 (N.D. Ill. Apr. 20, 2015) (same).

## ARGUMENT

### I.  Plaintiff lacks standing because her asserted claim belongs to her bankruptcy estate.

Plaintiff lacks standing to pursue her claim.  Because Plaintiff's bankruptcy case has been reopened, the Trustee is the proper plaintiff in this litigation.  "[V]irtually all property of the debtor at the time [s]he files for bankruptcy—including any causes of action—becomes property of the bankruptcy estate."  *Putzier v. Ace Hardware*, 50 F. Supp. 3d 964, 982 (N.D. Ill. 2014) (internal quotations and citations omitted); *see also* 11 U.S.C. § 541.  That includes all causes of action whose "elements . . . had occurred as of the time the bankruptcy case was commenced, so that the claim is sufficiently rooted in the debtor's prebankruptcy past."  *Putzier*, 50 F. Supp. 3d 964, at 982 (citation omitted).  Thus, only the Trustee has standing to prosecute or defend a claim for causes of action that are rooted, like Plaintiff's, in the debtor's prebankruptcy past.  *See Lightspeed Media v. Smith*, 830 F.3d 500, 505 (7th Cir. 2016).  The face of the Complaint makes clear that the alleged error(s) underlying Plaintiff's claim—i.e., the purported cause of her injury—occurred *before* Plaintiff filed the petition initiating her open bankruptcy case.  The claim thus belongs to the bankruptcy estate and not Plaintiff.

The U.S. Trustee is in accord.  Plaintiff filed a petition for bankruptcy relief under chapter 7 on June 13, 2018.  Compl. ¶ 128.  On September 19, 2018, the bankruptcy court entered a discharge order.  *Id*. ¶ 130.  Six days before this lawsuit was filed, the U.S. Trustee moved to reopen Plaintiff's case based on receiving notice that Plaintiff "has a predatory mortgage lending practices claim against a bank."  Request for Judicial Notice ("RJN"), Ex. A (N.D. Ill. Bankr. Pet. 18-16866,

Dkt. 19, ¶ 5).[1]  The motion unequivocally stated that "the U.S. Trustee believes that any proceeds from the Debtor's claim may be property of the estate." *Id*. ¶ 6.  The bankruptcy court reopened the case and, on April 2, 2024, appointed Alex. D. Moglia as the chapter 7 Trustee to administer the bankruptcy estate.  RJN, Ex. B (N.D. Ill. Bankr. Pet. 18-16866, Dkt. 20), RJN, Ex. C (N.D. Ill. Bankr. Pet. 18-16866, Dkt. 21).

All of the alleged acts underlying Plaintiff's ICFA claim against Wells Fargo occurred before her bankruptcy petition was filed on June 13, 2018.  Plaintiff alleges that Wells Fargo wrongfully denied applications for a loan modification "from 2011 through 2018" (Compl. ¶ 144) and that her home was sold in a foreclosure sale in October 2017 (*id*. ¶ 119).  To the extent that Plaintiff also tries to allege that other 2011–2018 conduct constitute "unfair acts" under ICFA— e.g., the Bank's purported unresponsiveness to Plaintiff's appeal of a loan modification denial (*id*. ¶ 147), continuation of a foreclosure on Plaintiff's home (*id*. ¶ 94), and denial of Plaintiff's short sale requests (*id*. ¶ 141)—this alleged conduct also necessarily occurred *before* Plaintiff's house was sold in 2017, and thus before she commenced her June 13, 2018 bankruptcy case.

Because the sole cause of action in this case belongs to the bankruptcy estate, not Plaintiff, her claim may only be asserted by the Trustee.  *Lightspeed Media*, 830 F.3d at 505.  Thus, the Court should dismiss the Complaint in its entirety for lack of standing.

## II.    Plaintiff grounds her ICFA claim in time-barred allegations.

Plaintiff relies on time-barred conduct to support her ICFA claim.  ICFA claims are subject to a three-year limitations period, which commences "when the plaintiff 'knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully

---

[1] District courts may "properly consider[] public court documents in deciding . . . motions to dismiss."  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

caused.'" *Carlos v. Beneficial Fin. I Inc.*, No. 17 C 1341, 2017 WL 5593317, at *2 (N.D. Ill.

Nov. 21, 2017) (citation omitted) (finding ICFA claim time-barred because complaint

demonstrated plaintiffs knew or should have known of the alleged misconduct more than three

years before filing their action).

First, any ICFA claim based on Wells Fargo's purported "escrow calculation" error denial

or Wells Fargo's response, or lack thereof, to Plaintiff's appeal of that denial is time-barred.

Plaintiff admits she knew about this erroneous denial more than eight years before filing suit; the

Complaint alleges that she received a letter about this denial on May 11, 2016. Compl. ¶¶ 102–

107, 136–137. And Plaintiff further admits that she clarified the nature of the escrow calculation

error in 2019, five years before filing this lawsuit. *Id*. ¶¶ 134–137. Similarly, Plaintiff was aware

that the Bank "did not to respond to" her August 22, 2014 appeal of the denial more than ten years

before filing her Complaint in 2024. *Id*. ¶¶ 98–100. Accordingly, any ICFA claim arising out of

(1) the erroneous denial referenced in the May 2016 letter or (2) the Bank's purported

unresponsiveness to Plaintiff's appeal of a loan modification decision falls outside of ICFA's

three-year limitations period. *See id*. ¶¶ 5–6, 13, 38–39, 98–100, 102–107, 134–137, 141, 142-

143, 147.

Second, any ICFA claim based on Wells Fargo's foreclosure of Plaintiff's home or

rejection of Plaintiff's short sale requests is similarly time-barred. Plaintiff alleges that Wells

Fargo should have stopped foreclosure while she was pursuing a loan modification, but she did

not timely raise an ICFA claim based on this conduct. *See, e.g*., *id*. ¶¶ 8, 32, 94, 147. The

foreclosure proceeding—and all foreclosure-related conduct in the Complaint—was necessarily

complete by the time the foreclosure sale deed was executed, alleged in the Complaint to have

occurred in November 2018. *Id*. at ¶ 133. But Plaintiff did not bring her ICFA claim against Wells

Fargo until six years later, making any claim based on this alleged conduct time-barred. *Id*. ¶¶ 94, 119. Relatedly, Plaintiff alleges that Wells Fargo wrongfully denied Plaintiff a short sale on September 27, 2017, after she purportedly submitted "contracts" in amounts greater than the foreclosure sale bid. *Id*. ¶ 141. But Plaintiff was likewise aware of the difference between those sale amounts no later than the date of the foreclosure sale itself on October 2, 2017 and did not bring this ICFA claim until 2024. *Id*. ¶¶ 116–118, 124, 141, 144. Because Plaintiff admits she knew of Wells Fargo's purported misconduct well over three years before she filed this lawsuit, none of the above allegations are viable bases for her ICFA claim. The Court should dismiss Plaintiff's claim with prejudice to the extent it relies on any of the above allegations. *See Carlos*, 2017 WL 5593317, at *2; *Weston v. DB Priv. Wealth Mortg., Ltd.*, No. 22 CV 6139, 2023 WL 4864995, at *6 (N.D. Ill. July 31, 2023) (dismissing ICFA claim with prejudice because plaintiff was aware of mortgage servicer's conduct more than three years before she brought suit).

III. **Plaintiff also fails to allege facts to support the elements of her ICFA claim.**

"ICFA only makes unlawful acts or practices that allegedly are unfair and upon which the defendant intended that the plaintiff rely." *Geske v. Fed. Nat'l Mortg. Ass'n*, No. 13-CV-7720, 2015 WL 1397087, at *3 (N.D. Ill. Mar. 25, 2015). In addition, "a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). Here, Plaintiff fails to allege facts to support (1) an unfair act that meets the criteria set forth by the Seventh Circuit; (2) Wells Fargo's intent that Plaintiff rely on the unfair act; and (3) proximate cause.

A. **Plaintiff fails to plead a factual basis for an unfair act.**

Plaintiff fails to allege facts to support that Wells Fargo's purported errors constitute "unfairness" under ICFA. "The Seventh Circuit has explained that whether a practice is unfair depends on a case-by-case analysis, but that three criteria are relevant: (1) whether the conduct

violates public policy, (2) is so oppressive that the consumer has little choice but to submit, and (3) whether the conduct causes consumers substantial injury," i.e., the "*Robinson* factors." *Geske*, 2015 WL 1397087, at *3 (citing *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417— 18, (Ill. 2002)) (internal quotations omitted). Satisfying one of these factors is not necessarily enough; a plaintiff may still be required to plead facts that satisfy the other factors depending on the degree to which the one factor has been alleged. *See Dolemba v. Ill. Farmers Ins. Co.*, 213 F. Supp. 3d 988, 998 (N.D. Ill. 2016) (dismissing ICFA claim even though plaintiff plausibly alleged a public policy violation because other *Robinson* factors were not met).

Plaintiff alleges that the circumstances surrounding Wells Fargo's handling of her loan modifications indicate that the Bank made "errors" (Compl. ¶¶ 142, 144), but courts have found that these "allegations do not plausibly suggest 'unfairness' within the meaning of the ICFA." *Geske,* 2015 WL 1397087, at *3 (dismissing ICFA claim because plaintiff failed to allege how bank's failure to properly credit payment and transmit loan modification documents amounted to "unfairness"). Instead of merely asserting that the Bank made "errors" to support her ICFA claim, Plaintiff here must allege facts that show "in what manner" the alleged conduct violates public policy or is oppressive. *Id*.

>    1.    *Plaintiff fails to allege that Wells Fargo's conduct offended public policy.*

The Complaint cites to several regulatory orders and findings but does not plead a practice that offends public policy. "A practice offends public policy if it violates a standard of conduct embodied in a statute, the common law, or otherwise, i.e., if 'it is within at least the penumbra of some common-law, statutory or other established concept of unfairness.'" *Leszanczuk v. Carrington Mortg. Servs., LLC*, 21 F.4th 933, 940–41 (7th Cir. 2021) (internal citation omitted).

Plaintiff broadly asserts that Wells Fargo improperly denied all of her loan modification applications during a seven-year period and cites to various consent decrees and settlements, but

this approach fails to give Wells Fargo proper notice of the basis for her ICFA claim. *See* Compl. ¶¶ 144, 36–38, 50–51, 56–66. Plaintiff fails to allege which consent decree covered which loan modification application and in what year. The "spaghetti" approach Plaintiff takes to these consent orders should be rejected. *See United States ex rel. Morgan v. Champion Fitness, Inc.*, 368 F. Supp. 3d 1198, 1216 (C.D. Ill. 2019) ("This Court will not countenance the so-called 'spaghetti approach' to litigation whereby the parties 'heave[] the entire contents of a pot against the wall in hopes that something will stick.'") (internal quotations and citation omitted); *Leszanczuk*, 21 F.4th 933 at 941–43 (denying ICFA claim because plaintiff's citations to "three nonbinding sources" did not show that inspection fee offended public policy). Plaintiff's "heave the contents" approach is readily apparent by her nonspecific, catch-all citations to 30- to 40-page excerpts from the consent orders and descriptions of penalties and findings, all of which fail to identify any specific provision the Bank violated and thus fail to give Wells Fargo proper notice of the basis for Plaintiff's claim under Rule 8(a).

Additionally, Plaintiff's allegations regarding the legal duty Wells Fargo supposedly violated, on their face, do not hold water. Plaintiff posits that Wells Fargo "had a legal duty to arrive at the correct conclusion as to homeowner loss mitigation under its contracts with all of the GSEs." Compl. ¶ 41. But Plaintiff has *an FHA loan*, which is by definition a loan made by a private lender and insured by the Federal Housing Administration—not a conventional loan made pursuant to guidelines issued by government-sponsored enterprises like Freddie Mac or Fannie Mae. *Cf. PNC Bank, N.A. v. Van Hoornaar*, 44 F. Supp. 3d 846, 853 (E.D. Wis. 2014) ("Fannie Mae mortgages are therefore not guaranteed by HUD, and do not fall under the scope of the [HUD] regulations[.]"); *see also United States v. McNinch*, 356 U.S. 595, 596–97 (1958) ("By statute the FHA is authorized to insure qualified banks and other private lending institutions against a

substantial portion of any losses sustained by them."); *Williams v. M&T Bank*, No. 09-CV-00369-WDM-BNB, 2010 WL 4511085, at \*5 (D. Colo. Oct. 5, 2010) (noting that the FHA insures privately made mortgage loans that meet FHA-established conditions).  The GSE contracts Wells Fargo purportedly violated do not apply to Plaintiff's loan type, and thus cannot give rise to any duty allegedly supporting her ICFA claim.  Moreover, even if Plaintiff actually had a GSE loan, she could not bring a third-party beneficiary claim based on Wells Fargo's contracts with the GSEs. *See Baginski v. JP Morgan Chase Bank N.A.*, No. 11 C 6999, 2012 WL 5989295, at \*3 (N.D. Ill. Nov. 29, 2012).  Nor is there a private right of action under the Home Affordable Modification Program (HAMP) that could support such a duty imposed by that government program.  *Id*.  And banks owe no general legal duty to their borrowers in the course of ordinary business transactions such as loan modification reviews.  *LaSalle Bank Nat'l Ass'n v. Paramont Props.*, 588 F. Supp. 2d 840, 853 (N.D. Ill. 2008).  The Complaint thus contains no factual support for any public policy violation.

>    2.    *Wells Fargo's conduct was not immoral, unethical, oppressive, or unscrupulous.*

Even if Plaintiff had adequately alleged a violation of public policy, the Court should still dismiss her ICFA claim because the other *Robinson* factors are not satisfied.  *See Dolemba*, 213 F. Supp. 3d at 998.  Plaintiff fails to allege how "automated calculation error[s]" or a "software miscalculation" (Compl. ¶¶ 10, 142) amounts to oppressive or unscrupulous conduct because she fails to allege how these errors imposed "a lack of meaningful choice or an unreasonable burden." *Dolemba*, 213 F. Supp. 3d at 998.

Plaintiff fails to allege an unreasonable burden because she had defaulted on her mortgage before Wells Fargo referred her account to foreclosure on October 28, 2011 (Compl. ¶ 77), nearly three years before Wells Fargo erroneously denied her loan modification in July 2014; thus, Wells

Fargo already had the right to foreclose and Plaintiff was not "threatened with foreclosure because of [the error]." *Leszanczuk*, 21 F.4th at 943 (holding inspection fee not oppressive because allegations supported that borrower was already in default when the fee was assessed). Accordingly, Plaintiff fails to allege that Wells Fargo imposed an unreasonable burden by erroneously denying Plaintiff's loan modification.

Furthermore, Plaintiff was offered a "meaningful choice" in the form of a favorable loan modification she was admittedly offered in May 2016. Compl. ¶¶ 102–103. She claims she declined this modification because she would have lost her FHA insurance by accepting it. *Id*. ¶ 104. But this allegation does not render the May 2016 modification an unmeaningful choice because the risk of losing FHA insurance on the loan would have fallen on *Wells Fargo*, not Plaintiff. *See Shallotte Partners, LLC v. Berkadia Com. Mortg., LLC*, 2015 WL 4081963, at \*6 (N.C. App. 2015) ("The overall purpose of the [HUD] mortgage insurance program is to encourage leading lenders, in exchange for a government guarantee of the loan, to extend mortgages to those carrying higher credit risks.") (emphasis added)). Plaintiff alleges that she *also* had a chance to modify her loan before the error, in October 2011, but did not take that opportunity because she "did not agree to the escrow requirement." Compl. ¶ 76.

Finally, Plaintiff does not plausibly allege that Wells Fargo's conduct was so oppressive that she had "little alternative except to submit to it." *Pantoja-Cahue v. Ford Motor Credit Co.*, 375 Ill. App. 3d 49, 60 (Ill. 2007). She does not allege that no alternatives existed, e.g., that she could not have found a cosigner for the modification, or that she could have contracted with a different mortgage servicer. *See Leszanczuk*, 21 F.4th at 943 ("[Plaintiff] reasonably could have avoided the inspection fee by contracting with a different mortgage servicer."). The Complaint

thus fails to plead either undue burden or lack of meaningful choice to satisfy the ICFA standards for immoral, unethical, oppressive, or unscrupulous conduct.

> 3.     *Plaintiff fails to allege that an unfair act caused her substantial injury.*

Plaintiff does not plead a factual basis for substantial injury because she expressly alleges that Wells Fargo provided her a modification offer in May 2016.  *See Rodriguez v. Chase Home Fin., LLC,* No. 10 C 05876CH, 2011 WL 5076346, at *5 (N.D. Ill. Oct. 25, 2011) (To allege unfairness, the injury must be one "that consumers themselves could not reasonably have avoided.").  Plaintiff presumably could have avoided the alleged loss of her home by taking the modification Wells Fargo offered in May 2016 or agreeing to the escrow requirement for the October 2011 modification.  Compl. ¶¶ 102–103, 76.  Wells Fargo did not require trial payments for the May 2016 modification and offered Plaintiff this modification well before the foreclosure sale date of October 2017.  *Id*. ¶¶ 136, 119.  Because Plaintiff fails to allege that Wells Fargo's conduct offended public policy, was so oppressive that she had little choice but to submit, or caused her substantial injury, the Complaint should be dismissed.

**B.     Plaintiff fails to allege that Wells Fargo intended she rely on the error.**

Even if "the alleged circumstances surrounding Defendant's handling of the loan modification . . . indicate that Defendant made errors," dismissal is required because Plaintiff fails to allege "any facts that indicate that Defendant *intended that [she] rely on its shortcomings*." *Geske*, 2015 WL 1397087, at *3 (emphasis added) (dismissing ICFA claim because plaintiff failed to allege that defendant intended that plaintiff rely on its errors).  Indeed, the words "intent" and "rely" do not appear at all in the Complaint, except in Plaintiff's recital of the ICFA standard.  *See* Compl. ¶ 150.  Plaintiff does not allege any impact that Wells Fargo intended to have on her conduct.  *See Geske*, 2015 WL 1397087, at *3.

In *Parks v. Wells Fargo Home Mortgage, Inc.*, the Seventh Circuit reversed a finding of ICFA liability, holding that ICFA's intent-reliance element is not met when there is "no benefit that could flow to [the defendant]" because of its mistakes.  398 F.3d 937, 943 (7th Cir. 2005).  The defendant bank in *Parks* made a "tax payment mix-up" and failed to properly pay the borrowers' property taxes out of their mortgage payments, which put at risk the bank's investment. *Id.* at 939–40, 943.  The *Parks* court found that the borrowers had not established the bank's intent for them to rely on that error because the bank likewise would be harmed by it.  *Id*. at 943.  Similarly, here, Plaintiff does not allege how her reliance on the erroneous denial would benefit the Bank or put it in a better position than if it had granted the loan modification.  Indeed, to suggest as much is nonsensical because this would mean that the Bank intended that she continue in default, instead of giving her a loan modification that could have enabled her to resume making her monthly mortgage payments.  And even Plaintiff admits that the foreclosure ultimately caused the Bank to lose $244,098.85.  Compl. ¶ 9.  On the other hand, granting a mortgage modification would necessarily have resulted in a new agreement with a "value to the servicer . . . greater than the return on the mortgage if unmodified."  *McGann v. PNC Bank, Nat'l Ass'n*, No. 11 C 6894, 2015 WL 5050155, at *1 (N.D. Ill. Aug. 25, 2015).  Accordingly, the Court should deny Plaintiff's ICFA claim for failure to allege any facts that Wells Fargo intended for Plaintiff to rely on the erroneous denial.

### C. Plaintiff fails to allege proximate cause.

Further, the Complaint itself demonstrates the absence of proximate cause.  In the ICFA context, "the relevant [cause-in-fact] inquiry is whether the harm would have occurred ***absent the defendant's conduct***."  *Price v. Philip Morris, Inc*., 219 Ill. 2d 182, 269 (Sup. Ct. 2005) (emphasis added).  Plaintiff does not allege that she would have accepted a mortgage modification on the terms that would have been available absent any alleged misconduct or that she would have been

13

able to avoid foreclosure if she did.  Compl. ¶ 6.  To the contrary, Plaintiff admits she had a "reduction in income in 2010 to 2011," "did not agree to the escrow requirement" in an October 2011 modification, declined a modification in May 2016 (and therefore may have declined the erroneously denied modification, had it been offered), and—tellingly—owed other creditors (not including Wells Fargo) a staggering **$294,047.44** when she filed her chapter 7 bankruptcy petition in 2018.  *Id.* ¶¶ 69, 76, 102–104; RJN, Ex. D (N.D. Ill. Bankr. Pet. 18-16866, Dkt. 13 at 31-32). "[A] plaintiff can plead [her]self out of court by alleging facts which show that [s]he has no claim, even though [s]he was not required to allege those facts." *Jackson v. Marion Cnty.*, 66 F.3d 151, 153 (7th Cir. 1995).  Here, Plaintiff's ICFA claim fails because she has pled facts that show her circumstances would *not* have permitted her to avoid her alleged injuries in the absence of Wells Fargo's conduct.

## IV.    The Court should strike Plaintiff's time-barred allegations from the Complaint.

To conserve judicial (and the parties') resources, Rule 12(f) authorizes a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); *Slaughter*, 2017 WL 1739921, at *2 (striking allegations of time-barred conduct because removal of such irrelevant facts would promote judicial economy).  As Plaintiff's Complaint is replete with time-barred allegations[2]—which are thus irrelevant and immaterial—striking those allegations is warranted.  *See Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1011 (N.D. Ill. 1998) (striking time-barred allegations of discriminatory conduct

---

[2] Compl. ¶¶ 5–6 (clauses referencing Plaintiff's appeal of the denial and foreclosure consideration), 8 (foreclosure consideration), 13 (May 2016 escrow calculation error denial), 32 (foreclosure consideration), 38–39 (escrow calculation error), 94 (foreclosure consideration), 98–100 (appeal of denial), 102–107 (May 2016 escrow calculation error denial), 116–118 (short sale), 124 (short sale), 134–137 (May 2016 escrow calculation error denial), 141 (clauses referencing appeal and short sale), 142-143 (clauses referencing escrow calculation error), 144 (clause referencing short sales), 147 (clauses referencing appeal of denial and foreclosure consideration).

occurring prior to applicable statutory period); *Harman v. Gist*, No. 02 C 6112, 2003 WL

22053591, at *5 (N.D. Ill. Sept. 2, 2003) (striking claims that the court deemed "excessively long,

complex and confusing").

## <u>CONCLUSION</u>

For the foregoing reasons, Wells Fargo respectfully requests that the Court strike the

allegations identified above (*see supra* note 2), and dismiss Plaintiff's Complaint.


Dated: May 1, 2024                                      Respectfully submitted,


                                                        */s/ Scott Ahmad*
                                                        Scott Ahmad
                                                        WINSTON & STRAWN LLP
                                                        35 W. Wacker Drive
                                                        Chicago, IL 60601-9703
                                                        Tel.: 312.558.3197
                                                        Fax: 312.558.0325
                                                        sahmad@winston.com


                                                        *Attorneys for Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ANDREA D. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:24-cv-02241 |
| v. | ) | |
| | ) | Hon. LaShonda A. Hunt |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this document filed through the CM/ECF system on May 1, 2024 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and a paper copy will be sent by mail to nonregistered participants.


*/s/ Scott Ahmad*
Scott Ahmad