**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IN RE:                                    )
                                          )      Chapter:      7
ANDREA D. WILLIAMS,                       )
                                          )      Case No:      18-16866
                                          )
              Debtor.                     )      Judge:      Donald R. Cassling

**CHAPTER 7 TRUSTEE'S STATEMENT REGARDING
WELLS FARGO BANK, N.A.'S MOTION FOR ENTRY OF AN ORDER
(A) AUTHORIZING AND DIRECTING THE CHAPTER 7 TRUSTEE TO
REDACT THE SETTLEMENT AMOUNT, AND (B) AUTHORIZING AND
DIRETING REDACTION OF THE SETTLEMENT AMOUNT IN THE
CHAPTER 7 TRUSTEE'S FINAL REPORT AND RELATED DOCUMENTS**

The Chapter 7 Trustee wishes to make clear his position on Wells Fargo's

Motion to Authorize Trustee to Seal Settlement Payment in Settlement Agreement

[Dkt. No. 69]. This position statement is necessary due to statements made in Wells

Fargo's motion and to clarify the Trustee's position in writing before this Court.

The Trustee has stated his position in the Joint Status Report that was filed

with the U.S. District Court at the District Court's request in Case No. 1:24-cv-02241,

at Dkt. No. 139 on September 29, 2025.  The Trustee's portion of the joint status

report stated in pertinent part, as follows:

**Special Counsel to the Trustee's Position**:

More than 8 months ago the Parties reached an agreement in

principle to resolve this case on all essential terms. Wells Fargo asked

the Trustee to agree to the sealing of records related to the Bankruptcy

Court's approval of the amount of and terms of settlement. The Trustee

explained that Bankruptcy Court would have to approve any such

1

request. The Trustee would not oppose Wells Fargo asking for relief in the Bankruptcy Court. Wells Fargo agreed to pursue that relief in the Bankruptcy Court.

Since that time, Wells Fargo has not provided a final Settlement Agreement and Release ("SAR") that the Trustee can sign. Wells Fargo demands the Trustee consent to terms in the SAR that conflict with DOJ guidelines and existing law regarding confidentiality or sealing of bankruptcy matters. The Trustee is filing a motion to enforce the essential settlement terms because Wells Fargo has not consummated the settlement and has not sought bankruptcy court permission to file a motion under seal.

**Trustee and Trustee's General Bankruptcy Counsel Position:**

In addition to the above, the Trustee adds and augments this Joint Status Report to assist the District Court in its understanding of the particular bankruptcy-related issues as they pertain to the proposed and impending settlement.

The Trustee and Wells Fargo Bank, N.A. ("Wells Fargo") have agreed to a settlement in principle. The Trustee believes that the proposed settlement is in the best interest of the Bankruptcy Estate for the following reasons:

    a.  The proposed settlement would provide a 100% distribution to creditors, including general unsecured creditors of the

Bankruptcy Estate (even after contemplating, finalizing and paying any tax event obligation by the Bankruptcy Estate which will be finalized and completed through a filed Estate tax return by the Trustee's formally employed and authorized Accountants/CPAs).

b.  The proposed settlement would provide a surplus dividend to the Debtor, Ms. Williams.

c.  The Bankruptcy Estate will avoid the incurrence and accrual of continuing substantial legal fees and expenses and costs related to litigating and pursuing the cause of action before the District Court.

d.  The Trustee believes that given the risks inherent in litigation and defenses asserted by Wells Fargo, the settlement falls within the range of reasonable and acceptable litigation possibilities and is thus in the best interest of the bankruptcy estate creditors and parties in interest.

Wells Fargo's Motion implies and infers that the Trustee supports Wells Fargo in its request to Seal terms of settlement and reporting of same through Trustee's required final reporting process to the Court through the U.S. Trustee.  While the Trustee has no objection to Wells Fargo submitting the request on notice of motion and hearing, the Trustee is unable to support the motion simply because the mechanics of compliance are not under the control or authority of the Chapter 7

Trustee.  This application obstacle has been made fully clear to Wells Fargo from the outset of settlement discussions.

In its motion at footnote 1, Wells Fargo stated that it was bringing this motion at the Trustee's request. Wells Fargo's choice of words may leave an uninformed reader with the impression that the Chapter 7 Trustee supports this motion or Wells Fargo's position therein. The Chapter 7 Trustee is unable to do so.

The Chapter 7 Trustee and his Special Counsel have always taken the position with Wells Fargo that there was no path to confidentiality in the bankruptcy court due to Section 107 of the Code and the general prohibition against confidentiality in Bankruptcy proceedings. This position aligns with the United States Trustee's position on Wells Fargo's motion.

Before the settlement conference even commenced, Special Counsel clearly communicated to Wells Fargo *in writing* that any settlement would require the bankruptcy court's approval. Wells Fargo was warned that the normal bankruptcy approval process would require the public disclosure of any monetary payment made as part of any settlement. Special Counsel further made clear to Wells Fargo that the Chapter 7 Trustee could not agree to confidentiality or non-disparagement.

With this framework in place, the Honorable M. David Weisman conducted the settlement conference. Judge Weisman's Minute Entry of February 24, 2025 stated that "...the parties *have settled* this matter, *subject to bankruptcy approval.*" (Case No. 1:24-cv-02241, D.E. 93) (Emphasis added). Although the Chapter 7 Trustee and his Special Counsel maintained their position that the monetary settlement could not

4

be confidential in the Bankruptcy Court, Wells Fargo took the position that there was a workaround to keep the settlement amount confidential. Wells Fargo requested that the Chapter 7 Trustee not oppose Wells Fargo asking the Bankruptcy Court to redact the amount of the settlement payment in filings before the Bankruptcy Court seeking to approve the settlement.

The Chapter 7 Trustee agreed to not formally oppose Wells Fargo's request to the Bankruptcy Court to redact the amount of the settlement. The Chapter 7 Trustee and his Special Counsel did not agree to any confidentiality that would impair the Chapter 7 Trustee's ability to carry out his duties under the Bankruptcy Code. In making the agreement not to formally oppose Wells Fargo's request, the Chapter 7 Trustee expected that Wells Fargo would promptly present its motion to this Court shortly after the essential terms of settlement were reached, subject to this Court's approval in February of 2025. The Chapter 7 Trustee and his Special Counsel never contemplated that Wells Fargo would delay presenting this motion by ten months.

Wells Fargo asserts that the filing of its motion requesting seal was at the request of the Chapter 7 Trustee.  The statement overstates the Chapter 7 Trustee's position. The Chapter 7 Trustee is unable to in any way comply with any non-disclosure, confidentiality or seal application without order of this Court and without review, acceptance, and agreement by the U.S. Trustee and Bankruptcy Clerk's office due to the filing mechanics of the request.  That caveat has been made clear to Wells Fargo.

Additionally, Wells Fargo asserts in its motion that "by agreeing to the settlement in principle, the Trustee and Debtor support Wells Fargo's request to seal the Settlement Payment by redacting its references in the Settlement Agreement and in other filings before this Court." (WF Motion at par. 14). Trustee's recognition of Wells Fargo's right to make such a request is not support for said request. And the Trustee has no authority to represent, speak or plead on behalf of the Debtor as she is represented by her own counsel.

Dated: November 7, 2025          Respectfully submitted,

*/s/ Nick Wooten*
Nick Wooten
CHEELEY LAW GROUP, LLC
2500 Old Milton Parkway, Suite 200
Alpharetta, GA 30009
Phone: 770-814-7001
nick@cheeleylawgroup.com

*Special Counsel for Plaintiff Alex Moglia, not individually but as Chapter 7 Trustee for the Bankruptcy Estate of Andrea Williams (Case No. 1:24-cv-02241, Northern District of Illinois)*

## CERTIFICATE OF SERVICE

I, Nick Wooten, an attorney, certify that I served a copy of the foregoing document on each party shown on the attached Service List by the method shown thereon on  November 7, 2025.

*/s/ Nick Wooten*
Nick Wooten

:

6

## SERVICE LIST

*ECF Service:*

Adam G. Brief
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, IL 60604
*Counsel for the U.S. Trustee*

Alex D. Moglia, Trustee
Moglia Advisors
1325 Remington Rd., Ste. H
Schaumburg, IL 60173

Thomas E. Springer
Springer Larsen, LLC
300 South County Farm Road, Suite G
Wheaton, IL 60187
*Counsel for Trustee Alex D. Moglia*

Carrie V. Hardman
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
*Counsel for Wells Fargo Bank, N.A.*

Rusty A. Payton
Payton Legal Group, LLC
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
*Counsel for the Debtor*

Thomas W. Toolis
Jahnke, Sullivan & Toolis, LLC
10075 West Lincoln Highway
Frankfort, IL 60423
*Counsel for the Debtor*

Gregory K. Stern
Dennis E. Quaid
Monica O'Brien
Rachel S. Sandler
Gregory K. Stern, P.C.
53 West Jackson, Suite 1442
Chicago, IL 60604
*Counsel for DJC Law, PLLC*

***Via email service upon the following***:

Andrea D. Williams, Debtor

7