Form G-3 (20260512)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION        DIVISION**

In re:  Andrea Williams                            )    Chapter  7
                                                   )
                                                   )    No.  18-16866
                                                   )
               Debtor(s)                           )    Judge  Daniel R. Fine

**NOTICE OF MOTION**

TO:  See attached list

        PLEASE TAKE NOTICE that on June 16, 2026           ,  at  10:30  a.m.   , I will
appear before the Honorable  Daniel R. Fine          ,, or any judge sitting in that judge's
place, **either** in courtroom   619  of the Everett McKinley Dirksen United States Courthouse   ,
 219 S. Dearborn Street, Chicago, IL 60604          **or** electronically as described below, and
present the motion of Special Counsel's Motion under §330 for Compensation          [to/for]
_____ , a copy of which is attached.

        **Important:  Only parties and their counsel may appear for presentment of the
motion electronically using Zoom for Government.  All others must appear in person.**

        **To appear by Zoom using the internet**, go to this link:  https://www.zoomgov.com/.
Then enter the meeting ID and passcode.

        **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252
or 1-646-828-7666.  Then enter the meeting ID and passcode.

        **Meeting ID and passcode.**  The  meeting  ID  for  this  hearing  is   161 414 7941  ,
and  the  passcode  is  Not Required .  The  meeting  ID  and  passcode  can  also  be  found  on
the judge's page on the court's web site.

        **If you object to this motion** and want it called on the presentment date above, you must
file a Notice of Objection no later than two (2) business days before that date. If a Notice of
Objection is timely filed, the motion will be called on the presentment date.  If no Notice of
Objection is timely filed, the court may grant the motion in advance without calling it.

                              By:  Nick Wooten                               

                              Nick Wooten
                              NICK WOOTEN LLC
                              3125 CARLTON ROAD
                              CUMMMING, GA. 30041
                              833-937-6389
                              nick@nickwooten.com

**<u>CERTIFICATE OF SERVICE</u>**

I, <u>Nick Wooten                              </u>,

☒ an attorney, certify

        - or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on <u>June 3, 2026                    </u>, at <u>4:35   </u> p.m.   *

<u>Nick Wooten                              </u>
[Signature]

*All applicable boxes must be checked and all blanks filled in.

Label Matrix for local noticing
0752-1
Case 18-16866
Northern District of Illinois
Eastern Division
Wed Jun  3 15:36:25 CDT 2026

Capital One Auto Finance, a division of Capi
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

Affirm Inc
Affirm Incorporated
Po Box 720
San Francisco, CA 94104-0720

(p)CMRE FINANCIAL SERVICES INC
3075 E IMPERIAL HWY STE 200
BREA CA 92821-6753

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance, a division of Capi
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(p)CARMAX AUTO FINANCE
225 CHASTAIN MEADOWS COURT SUITE 200
KENNESAW GA 30144-5938

Cavalry SPV I, LLC
PO Box 4252
Greenwich, CT 06831-0405

Cedar Financial
5230 Las Virgenes Road
Calabasas, CA 91302-3448

Check Into Cash
POB 550
Cleveland TN 37364-0550

Check Systems, Inc.
Attn: Customer Relations
7805 Hudson Road, Ste 100
Woodbury, MN 55125-1595

Comenity Bank/Carsons
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenity Bank/Lane Bryant
Attn:  Bankruptcy Dept
Po Box 18215
Columbus, OH 43218

Comenitybank/wayfair
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Comenitycapital/biglot
Attn: Bankruptcy Dept
Po Box 182125
Columbus, OH 43218-2125

Crdt Union 1
450 E. 22nd St. Suite 250
Lombard, IL 60148-6176

DJC Law PLLC
1012 West Anderson Lane
Austin, Texas 78757-1584

(p)EXETER FINANCE  LLC
NANNETTE ALAMILLA
2101 W JOHN CARPENTER FWY
IRVING TX 75063-3228

Experian
P.O. Box 9701
Allen, TX 75013-9701


Franciscan Alliance, Inc.
37621 Eagle Way
Chicago, IL 60678-0376

Fundamental Property Management
2021 Midwest Road
Suite 200
Oak Brook, IL 60523-1370


ICS Collection Service
PO Box 1010
Tinley Park, IL 60477-9110

Joseph Beck MD
P.O. Box 1330
Matteson, IL 60443-4330


Navient
Attn: Bankruptcy
Po Box 9500
Wilkes-Barre, PA 18773-9500

Nordstrom FSB
Attn: Bankruptcy Department
Po Box 6555
Englewood, CO 80155-6555


Seventh Ave
Attn: Bankruptcy Dept
1112 7th Ave
Monroe, WI 53566-1364

(p)STATE COLLECTION SERVICE INC
2509 S STOUGHTON RD
MADISON WI 53716-3314


Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Synchrony Bank/Home Shopping
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060


Synchrony Bank/TJX
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Walmart
Attn:  Bankruptcy Dept
Po Box 965060
Orlando, FL 32896-5060


The Swiss Colony
c/o Creditors Bankruptcy Service
P.O. Box 800849
Dallas, TX 75380-0849

TransUnion Consumer Solutions
P.O. Box 2000
Chester, PA 19016-2000


US Dept of Education
Attn: Bankruptcy
Po Box 16448
Saint Paul, MN 55116-0448

US Dept of Education
Po Box 5609
Greenville, TX 75403-5609

Adam Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604-2027

Alex D Moglia ESQ
Moglia Advisors
1325 Remington Rd, Ste H
Schaumburg, IL 60173-4815

Rusty Payton
Payton Legal Group LLC
20 North Clark St.
Suite 3300
60602
Chicago, IL 60602-4109

Thomas W Toolis
Jahnke, Sullivan & Toolis, LLC
10075 West Lincoln Highway
Frankfort, IL 60423-1272

The preferred mailing address (p) above has been substituted for the following ent
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f)

CMRE Financial Services
Attn: Bankruptcy
3075 E Imperial Hwy   Ste 200
Brea, CA 92821

Carmax Auto Finance
Attn: Bankruptcy Department
Po Box 440609
Kennesaw, GA 30160

Exeter Finance Corp
Po Box 166008
Irving, TX 75016

HARRIS & HARRIS, LTD.
111 W. Jackson Boulevard
Suite 400
Chicago, IL 60604

Visa Dept Store National Bank/Macy's
Po Box 8218
Mason, OH 45040

The following recipients may be/have been bypassed for notice due to an undeliverabl

(u)WELLS FARGO, N.A.

(u)Cheryl Wesler
The Firm of Wesler & Associates CPA, PC.

End of Label Matrix
Mailable recipients   64
Bypassed recipients    3
Total                 67

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | Chapter: | 7 |
| ANDREA D. WILLIAMS, | ) | | |
| | ) | Case No: | 18-16866 |
| | ) | | |
| Debtor. | ) | Judge: | Daniel R. Fine |

**SPECIAL COUNSEL'S MOTION UNDER §330 FOR APPROVAL OF
ATTORNEY FEES AND EXPENSES**

COMES NOW, the undersigned attorney, Nicholas Wooten, Special Counsel to the Chapter 7 Trustee, Alex Moglia, (hereinafter "Wooten") in the above-styled case and respectfully moves this Honorable Court, pursuant to §330 of the Code, to approve attorney fees earned and reimbursement of necessary expenses in conjunction with the representation and subsequent settlement of the estate's claim against Wells Fargo as follows:

1.     The Debtor in this action was originally referred to Wooten for potential representation by a long-time colleague, attorney Marc Dann, for potential litigation against Wells Fargo. Dann referred the Debtor to Wooten based on their long-standing relationship and Wooten's established reputation for success litigating against mortgage servicers.

2.     Once Wooten became aware that the Debtor had previously filed Chapter 7 bankruptcy, Wooten notified the Chapter 7 Trustee for the case, Mr. Moglia, who instructed Wooten to notify the United States Trustee so that the case could be reopened to pursue a possible asset of the estate.

3.     Once the bankruptcy case was reopened by the US Trustee, Mr. Moglia was reappointed as Chapter 7 Trustee for the case.

4.     Wooten was then retained by the Chapter 7 Trustee, Mr. Moglia, to pursue the litigation against Wells Fargo for a pre-petition claim in favor of the Debtor on a contingency fee basis. See Docket 28.

5.     Wooten's employment as special counsel continued throughout the case even as Wooten's Firm affiliation changed. See Docket entries 53, 59, 89, and 112.

6.    The Debtor's claim in the underlying litigation arose out of Wells Fargo's mishandling of the servicing of the Debtor's mortgage account including a failure to provide loss mitigation to the Debtor.

7.    The Debtor alleged Wells Fargo's conduct led to the foreclosure on her primary residence and the need for her to file Chapter 7 bankruptcy to prevent a personal deficiency judgment being taken against her by Wells Fargo in the foreclosure action.

8.    Wooten pursued relief in this case under the unfairness prong of the Illinois Consumer Fraud and Unfair Business Practices Act (the "ICFA").

9.    Wooten's success in this genre of litigation in the Northern District of Illinois is well-known.

10.   For example, Wooten was the lead trial counsel in *Hammer v. Residential Credit Sols., Inc.*, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015) which was tried to a $2,000,000 jury verdict in front of Judge Durkin in April of 2015. The cited decision is Judge Durkin's affirmation of the verdict exceeding 100 pages.

11.   Wooten was also lead trial counsel in *Saccameno v. Ocwen Loan Servicing, LLC*, 372 F. Supp. 3d 609 (N.D. Ill. 2019) which resulted in a $3,582,000 jury verdict that was upheld by Judge Gottschall in the cited decision. Judge Gottschall's decision was affirmed but the punitive damages reduced by *Saccameno v. United States Bank Nat'l Ass'n,* 943 F.3d 1071, 2019 U.S. App. LEXIS 35550, 2019 WL 6334280 (7th Cir. Ill., Nov. 27, 2019).

12.   Wooten was also lead trial counsel in an arbitration before AAA styled *Kim Albeck v. PHH Mortgage Corporation, FKA Ocwen Loan Servicing, LLC, a wholly owned subsidiary of Ocwen Financial Corporation* with case number 01-21-0003-8487 which resulted in a $1,857,002.56 final arbitration award in favor of Kim Albeck rendered by Retired Judge Susan Zwick on September 29, 2022.

13.   Wooten was also lead trial counsel in the matter of *Garcia v. Wells Fargo Bank, N.A.*, 653 F. Supp. 3d 501 (N.D. Ill. 2023)(opinion denying summary judgment to Wells Fargo), which settled for a confidential sum on the third day of trial before Judge Pallmeyer in June of 2023.

14.   Since Wooten began handling mortgage servicing cases in the Northern District of Illinois in late 2014, Wooten has handled numerous other mortgage servicing cases that resulted in seven figure or near seven figure resolutions for consumers.

15.   Because of Wooten's demonstrated success in this area, Wooten is sought out by other consumer lawyers and potential clients seeking his assistance with their mortgage servicing cases in the Northern District of Illinois and nationally.

16. For instance, Wooten was recently hired to act as lead trial counsel in the case of *Mayer v. HSBC Bank USA, Nat'l Ass'n*, No. 25-cv-00182-NW, 2025 LX 613473 (N.D. Cal. Nov. 6, 2025) (denying motion to dismiss) set for trial in the fall of 2026 in the Northern District of California.

17. As the Court is aware, the court approved the settlement of this case for the payment of $1,153,103.00 which will pay all claims of the estate and yield a surplus to the Debtor.

18. In this action, Wooten is employed as special counsel on a contingency fee basis. The contract calls for the fee structure to be 45% of the gross settlement recovered plus the recovery of expenses incurred in pursuing the litigation. See **Exhibit 1** hereto, contract with the Trustee.

19. Applying the contract percentage to the settlement amount recovered would yield a contingency fee of $518,896.35.

20. However, Wooten does not request the full contractual fee be awarded for the following reasons: (1) the case terminated earlier than anticipated, meaning Wooten had less hours than would normally have been expended in this effort; (2) Wooten would have preferred to push deeper in the litigation and seek a larger recovery; (3) but Wooten could not in good faith advise the Trustee to override the Debtor's wishes to resolve the case for the amount approved by the Court (communicated through her separate counsel and confirmed by the Debtor) given the settlement amount easily satisfies the business judgment rule and would yield a surplus to the Debtor.

21. Shortly after the decision was reached to accept the payment of $1,153,103.00 to resolve the case subject to this Court's approval, Wooten communicated his intentions to ask for a reduced fee to both the Trustee and the Debtor.

22. Wooten therefore requests the Court award him a contingency fee in the amount of $400,000. This is equal to a contingency fee of 34.6890087% of the recovery.

23. Wooten's intent in seeking a reduced fee is not to create a fund for other attorneys who have provided no benefit to the estate to seek compensation. Rather, Wooten believes the discount represents fair compensation for the services performed and that the discount should increase the surplus to the Debtor to enhance her recovery.

24. Wooten limits his practice to complex civil litigation, including mortgage servicing cases, usually handled on a contingency fee basis, and generally does not work on an hourly basis.

25. The contingency fee rate of 45% plus expenses is the standard rate that Wooten charges for handling mortgage servicing litigation in the Northern District of

Illinois with the caveat that Wooten's contracts always state clearly the consumer will never receive less than half of the total gross settlement. In other words, Wooten will reduce fees before seeking to recover more than 50% of the total settlement.

26. Wooten's requested contingency fee here is within the market rate and is supported by the outcome generated. Wooten's recoveries in this type of litigation in the Northern District of Illinois (and nationally) are known to be among the highest, if not the highest,  in the marketplace.

27. The Estate has benefited from Wooten's expertise here in that Wooten's efforts resulted in a settlement that pays the creditors 100% and generates a surplus to the Debtor.

28. Wooten has no agreement to share compensation with any other attorney in this case.

29. Wooten anticipates that DJC may claim that Rusty Payton, counsel for Williams during the fee dispute and through settlement, has some fee interest in this case. This is false.

30. To avoid further delays and distractions, Wooten states under penalty of perjury that Rusty Payton represented the Debtor individually in this litigation after DJC intervened and began asserting rights to attorney's fees outside of its contractual limitations. Rusty Payton was paid hourly for his services to the Debtor and has no interest in the outcome of this case and no interest in the fees this Court might award special counsel.

31. The recoverable expenses incurred litigating this matter are $17,742.33. As part of his departure from Cheeley Law Group, Wooten agreed to protect these case expenses incurred by Cheeley Law Group in the prosecution of this case. In other words, assuming the Court awards these expenses, Wooten will reimburse Cheeley Law Group the amount of $17,742.33.

32. The supporting documentation for these expenses is attached hereto as **Exhibit 2**.

33. This expense amount includes $7,441.71 in case expenses Cheeley reimbursed to DJC Law when Wooten left DJC and became employed by Cheeley. See Williams Expenses005 and 006 of Exhibit 2.

34. The Court will note that DJC promised to provide supporting documentation on demand for its case expenses, but when requested by Wooten on May 15, 2026, DJC's attorney on this matter, Andres Pereira, said that he would "forward" the email to Mssr. Stern rather than providing the proof to support these expenses. See Williams Expenses006.

35.     While Wooten does recognize the charges listed on the DJC summary at Williams Expenses005 as being related to the Debtor's case, it is not Wooten's habit to submit a fee petition to the Bankruptcy Court without a full accounting of all expenses matching receipts to charges for each line item. Wooten has been thwarted in that effort here by DJC's continued obstinance.

36.     Undersigned represents that the contingency fee sought is reasonable and not excessive based upon rates charged for similar services within the legal community performing litigation of the type performed in this case.

37.     Wooten requests that Your Honor approve the requested attorney's fees for special counsel's services without any *further* reduction.

38.     Wooten requests that Your Honor approve the expenses as requested in the motion without any reduction.

39.     Wooten will remain involved in this case as necessary to address any other issues that might arise implicating Special Counsel's employment or as requested by the Trustee or the Court.

40.     Wooten has provided a declaration in support of this application as **Exhibit 3** hereto.

WHEREFORE, Special Counsel for the Trustee prays of the Court as follows:

A.     That the Court approve the payment of attorney's fees to Special Counsel Nicholas Wooten in the amount of $400,000 and expenses in the amount of $17,742.33;

B.     That the Court grant any other relief the Court may deem just and proper under the circumstances.

Dated this 3rd day of June 2026.

Respectfully submitted,

*/s/ Nick Wooten*

Nick Wooten
NICK WOOTEN LLC
3125 CARLTON ROAD
CUMMING, GA. 30041
833-937-6389
nick@nickwooten.com

*Special Counsel for Plaintiff Alex Moglia, not individually but as Chapter 7 Trustee for the Bankruptcy Estate of Andrea Williams*

## CERTIFICATE OF SERVICE

I, Nick Wooten, an attorney, certify that I served a copy of the foregoing document on each party shown on the attached Service List by the method shown thereon on June 3, 2026.

*/s/ Nick Wooten*

Special Counsel for the Trustee

## SERVICE LIST

### *ECF Service:*

Adam G. Brief
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, IL 60604
*Counsel for the U.S. Trustee*

Alex D. Moglia, Trustee
Moglia Advisors
1325 Remington Rd., Ste. H
Schaumburg, IL 60173

Thomas E. Springer
Springer Larsen, LLC
300 South County Farm Road, Suite G
Wheaton, IL 60187
*Counsel for Trustee Alex D. Moglia*

Carrie V. Hardman
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
*Counsel for Wells Fargo Bank, N.A.*

Rusty A. Payton
Payton Legal Group, LLC
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
*Counsel for the Debtor*

Thomas W. Toolis
Jahnke, Sullivan & Toolis, LLC
10075 West Lincoln Highway
Frankfort, IL 60423
*Counsel for the Debtor*

Gregory K. Stern
Dennis E. Quaid
Monica O'Brien
Rachel S. Sandler
Gregory K. Stern, P.C.
53 West Jackson, Suite 1442
Chicago, IL 60604
*Counsel for DJC Law, PLLC*

All creditors on the matrix

*Via email service upon the following:*

Andrea D. Williams, Debtor