**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter:    7 |
| ANDREA D. WILLIAMS, | ) | |
| | ) | Case No:    18-16866 |
| | ) | |
| Debtor. | ) | Judge:    Daniel R. Fine |

---

**DECLARATION OF NICK WOOTEN IN SUPPORT OF REQUEST FOR
ATTORNEY FEES AND EXPENSES**

---

I, Nick Wooten, declare under the penalties of perjury, as provided for by 18 U.S.C. § 1746, that the following statements are true:

1.      I am over the age of 21, under no legal disability, and I have personal knowledge of the facts set forth in this Declaration. If called as a witness I could and would testify to the following.

2.      I am a 1993 graduate of Troy University Dothan and a 1997 graduate of The Jones School of Law. I completed my LLM *Summa Cum Laude* in International Finance and Taxation from the Thomas Jefferson School of Law in San Diego, California in December of 2013 including authoring my thesis "*The Trust as the Special Purpose Vehicle in Mortgage Backed Securitizations: Special considerations, issues and implications related to the funding of the Trust.*"

3.      I have practiced law continuously since May of 1998.

4.      I am licensed to practice law in the States of Alabama, Colorado, and Texas.

5.      My Bar memberships and admissions are:

**STATE BAR ADMISSIONS:**

I have been a member of the Bar of the State of Alabama since May 1, 1998 (ASB-1870-O77N), the Bar of the State of Colorado since October of 2021(56448), and the Bar of the State of Texas since April of 2022 (24128672).

**STATE COURT PHV ADMISSIONS**

I have also been admitted Pro Hac Vice in the following State Courts:

• Ohio (2008)
• New York (2009)
• Kentucky (2009)
• Florida (2010)
• Georgia (2014)
• Arkansas (2018)
• Illinois (2018)
• Louisiana (2025)

## FEDERAL COURT ADMISSIONS

• The United States Supreme Court, March 2020.
• The Seventh Circuit Court of Appeals, March 2019
• The Eleventh Circuit Court of Appeals, May 2010.
• The USDC for the Northern District of Alabama. March 2010.
• The USDC for the Middle District of Alabama. May 1998.
• The USDC for the Southern District of Alabama. February 2009.
• The USDC for the Northern District of Florida. August 2011.
• The USDC for the Southern District of Indiana. October 2019.
• The USDC for the Northern District of Illinois, December 2014.
• The USDC for the Central District of Illinois, December 2014.
• The USDC for the Southern District of Illinois. November 2020.
• The USDC for the Middle District of Florida, est. 2009.
• The USDC for the Western District of Texas, 2023.

## BANKRUPTCY COURTS

• All United States Bankruptcy Courts for Alabama.
• United States Bankruptcy Court for the Northern District of Florida.
• United States Bankruptcy Court for the Southern District of New York.
• United States Bankruptcy Court for the Northern District of Illinois.
• United States Bankruptcy Court for the Southern District of Indiana.
• United States Bankruptcy Court for the Western District of Texas.

## FEDERAL BANKRUPTCY COURT PHV ADMISSIONS

I have been granted Pro Hac Vice admission in the following Bankruptcy Courts:
• the District of Delaware (2014)
• the Eastern District of New York (2011)
• the Southern District of New York (2008)
• the Northern District of Mississippi (2010)
• the Middle District of Louisiana (2008)
• the Eastern District of Arkansas (2014)

**FEDERAL DISTRICT COURT PHV ADMISSIONS**

I have been granted Pro Hac Vice Admission in the following District Courts:
• the Middle District of Georgia (2023)
• the District of Kansas (2013)
• the Eastern and Western Divisions of Arkansas (2014)
• the Northern District of California (2022, 2025).
• the District of Connecticut (2023)

6. I have substantial experience in consumer law litigation. I have gained some national notoriety for my consumer advocacy and the work that I have done related to mortgage servicing litigation and other forms of complex consumer litigation.

7. Based upon my national reputation as a consumer advocate I have been asked to speak at a number of legal education seminars to educate the Bench and Bar about consumer law issues. A non-exhaustive list of speaking engagements includes:

a. 2008 Annual Conference, Alabama Trial Lawyers' Association, *Foreclosure Defense in Alabama.*

b. 2008 Annual Tort Law Update, Alabama State Bar / ABICLE, *Foreclosure Defense in Alabama.*

c. 8/2009, University of Minnesota Law School, *Discovery & Surviving Summary Judgment in Foreclosure Litigation.*

d. 9/2009, National Consumer Law Center, Annual Conference, *The Role of Various Default Sub-servicers in Foreclosure.*

e. 3/2010, Legal Services of New York, *Why Should I Care About Securitization in the Context of Foreclosure Defense?*

f. 8/2010, Max Gardner's Bankruptcy Boot Camps, *Understanding the Issues in Foreclosure Defense,* Shelby, NC Special Conference.

g. 1/2011, Alabama Association for Justice, *Foreclosure Primer on Securitization.*

h. 3/2011, Max Gardner's Bankruptcy Boot Camps, Las Vegas, *New York Trust Law and its impact on Securitization.*

i. 4/2011, Federal Judicial College, Charlotte, NC. *Moving Mortgage Loans with Tara Twomey, Tal Franklin and Kathleen Cully.*

j. 8/2011, Federal Judicial College, Portland, Oregon. *Same.*

k. 10/2011, National Association of Consumer Bankruptcy Attorneys, *Who Owns the Note?* With Tara Twomey and Thad Bartholow.

l. 10/2011, National Association of Consumer Bankruptcy Attorneys, *Litigating Mortgage Servicing Abuse Claims in the Bankruptcy Court* with Max Gardner and Thad Bartholow.

m. 6/2012, National Association of Consumer Advocates, *Updates and Developments in Foreclosure Defense Litigation,* with Kathleen Cully.

n. 9/2014, National Association of Consumer Bankruptcy Attorneys, *Dealing with Debt Buyer Claims*, with Tara Twomey and Miriam Goott.

    o. 9/2015 National College of Bankruptcy Judges, *Impact of Crawford v. LVNV on Debt Buyers in the Bankruptcy Courts,* with Alane Beckett and Dailie Jimenez.

8. Some important decisions in which I have acted as lead counsel are as follows:

    a. *Crawford v. LVNV Funding,* 758 F. 3d 1254 (11th Cir. 2014), cert. denied by *LVNV Funding, LLC v. Crawford*, 2015 U.S. LEXIS 2724 (U.S., Apr. 20, 2015)

    b. *McLean v. Greenpoint Credit LLC*, 515 B.R. 841 (M.D. Ala. 2014)

    c. *In re Thorne*, 471 B.R. 496 (Bankr. N.D. Miss. 2012)

    d. *Hammer v. Residential Credit Sols., Inc.*, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015)

    e. *Saccameno v. United States Bank Nat'l Ass'n,* 943 F.3d 1071, 2019 U.S. App. LEXIS 35550, 2019 WL 6334280 (7th Cir. Ill., Nov. 27, 2019)

    f. *Garcia v. Wells Fargo Bank, N.A.*, 653 F. Supp. 3d 501 (N.D. Ill. 2023)

9. Undersigned limits his practice to complex civil litigation, including mortgage servicing cases, usually handled on a contingency fee basis, and generally does not work on an hourly basis.

10. Undersigned's recoveries in mortgage servicing related litigation in the Northern District of Illinois (and nationally) are known to be among the highest, if not the highest, in the marketplace.

11. The contingency fee rate of 45% plus expenses is the standard rate that undersigned charges for handling mortgage servicing litigation in the Northern District of Illinois with the caveat that undersigned's contracts always state clearly the consumer (in this case the Trustee) will never receive less than half of the total gross settlement. In other words, undersigned will reduce fees before seeking to recover more than 50% of the total settlement.

12. The requested contingency fee here is within the market rate and is supported by the outcome generated by special counsel's work.

13. The Estate has benefited from undersigned's expertise here in that special counsel's efforts resulted in a settlement that pays the creditors 100% and generates a surplus to the Debtor.

14. Wooten has no agreement to share compensation with any other attorney in this case.

15. Within the expenses charged in this case are charges for the paralegal work performed by undersigned's contract paralegal, Linnea Pedelty. Mrs. Pedelty has more than 35 years of experience  as a paralegal and provides superior work product which minimizes the hours necessarily spent by counsel in the case.

16.    Pedelty bills undersigned counsel $50.00 per hour for her work. Undersigned transfers that amount at cost to the expenses in the case. Pedelty is paid when she submits an invoice and her compensation is not contingent on the outcome of this or any other litigation.

17.    The contingency fee requested in this case is reasonable and not excessive based upon rates charged for similar services within the legal community performing litigation of the type performed in this case. This is especially true in light of undersigned's voluntary reduction in the total fee.

18.    The expenses charged in this case were reasonable, necessary, and not excessive.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of June 2026.

*/s/ Nick Wooten*

Nick Wooten