# EXHIBIT C

Amended Employment Letter Agreement, dated May 31, 2024

*In re Andrea D. Williams, Case No. 18-16866 (Bankr. N.D. Ill.)*

May 31, 2024

*Via email: nick @teamjustice.com*
Mr. Nick Wooten

  Re: Letter of Employment

Dear Nick:

  This letter agreement ("Agreement") is an amendment to the previous letter of employment between you ("Attorney") and DJC Law, PLLC ("Firm") which will become effective July 1, 2024 ("Effective Date"). While this letter is not meant to be a comprehensive itemization of all the terms of your employment, the general terms of your compensation are as follows:

1. Definitions:
   a. **Net Fees Earned**: All net fees directly earned on cases assigned to Attorney that Attorney personally worked with or without the assistance of other team members. It does not include the fees earned on cases referred to other lawyers, fees paid to referral lawyers on cases referred to the Firm, nor does it include fees earned by one or more of the other attorneys of the Firm on cases assigned to them, or fees shared with them on cases assigned to the attorney.
   b. **Earned**: The point in time when the fees are transferred into the Firm's operating account. If the Firm elects to defer its fees, the fees are Earned for purposes of this letter at the time the settlement or judgment proceeds are disbursed to the client or the client's designee. Attorney must be employed by the Firm at the time fees are Earned in order to be entitled to compensation related to those fees.
   c. **Compensation**: 20% of Net Fees Earned.
   d. **Recoverable Draw**: $41,666.67/month, paid in the Firm's payroll cycle.
   e. **Loans/Payroll Advances**: The Firm has made loans and payroll advances to Attorney ("Loans"). As of the Effective Date, the Firm had loaned Attorney $229673.78. Attorney will pay Loans back out of future fees earned as described more fully below from cases within the Firm, cases listed on Exhibit A, and any other cases Attorney gets paid on in the future until the entire amount of the Loans is re-paid, regardless of whether Attorney is employed with the Firm at the time those fees are earned. In other words, the Loans constitute a debt to the Firm that exists independent of Attorney's employment with the Firm. The Loans will not earn interest during the time Attorney is employed by the Firm, however, if Attorney is no longer employed by the Firm for any reason, the outstanding balance of any unpaid Loans will immediately start to accrue interest at the rate of ten percent (10%) a year except as otherwise provided by law.
   f. **Nonrecoverable Case Expenses**: Case expenses on cases assigned to Attorney that are deemed by the Firm, in its sole and unfettered discretion, as nonrecoverable. For purposes of this letter, subject to reasonable exceptions, a Nonrecoverable Case Expense is a case expense paid by the Firm in pursuit of a claim or lawsuit which failed to yield a recovery to the Firm for any reason sufficient to repay the Firm's case

1

expenses.    This can result from an adverse verdict, court ruling, dismissal, abandonment by the client or termination of the client relationship by the client or Firm.

2. <u>Payments</u>:  Compensation, offset by the Loans, as well as the cumulative amount of Nonrecoverable Case Expenses, Compensation and Recoverable Draw amounts paid from 1-1-24 to present, paid monthly as Earned.  See Exhibit B.

3. <u>Firm Standards</u>: The Firm reserves the right in its sole and unfettered discretion to withhold some or all of Attorney's Compensation if Attorney and/or their team have not met the Firm's compliance, customer service, performance or documentation standards. This may include, but not be limited to, if Attorney fails to pay a client or stakeholder correctly when disbursing a settlement, commits acts or omissions that result in the Firm incurring legal or insurance costs, or fails to comply with the Firm's equipment maintenance policy resulting in expense to the Firm, Attorney may have amounts deducted from their Compensation as more fully described in the Firm's Handbook and/or operating policies, as may be amended from time to time.

4. At all times during Attorney's employment, the Firm will provide Attorney with a docket of cases that has a valuation in the system of at least $4M. The Firm reserves the right to reduce the size or value of Attorney's docket below the above valuation if Attorney has not met the Firm's compliance, customer service, performance, or documentation standards.

5. Other lawyers in the Firm (including myself) will assist with the prosecution of the cases as needed.  I, or my designee, will have sole and unfettered discretion to assign the Firm's cases to Attorney and the other attorneys in the Firm (including myself) or refer the cases outside the Firm at any time.

6. If Attorney assists another lawyer in the Firm (including myself), or another lawyer in the Firm (including myself) assists Attorney, the amount of fees may be split between Attorney and the other lawyer (including myself), regardless of who is assigned as the lawyer on the case ("Shared Case").  If a lawyer who has worked on a case is no longer with the Firm, the fee interest that the former lawyer would have been entitled to will flow to me. In a Shared Case situation, Attorney and the other lawyer (including myself) may agree to the amount of fees attributable to each, subject to my approval.  In order to create a Shared Case, Attorney and the other lawyer (including myself) should, whenever possible, first agree in writing (email will suffice) as to the extent of assistance and the fee split, which will be subject to my approval.  If Attorney and the other lawyer (including myself) cannot agree on how to attribute the fees, I have sole and unfettered discretion to decide how to attribute the fees on the Shared Case.

7. The above compensation amounts and structure may be modified at the sole and unfettered discretion of the Firm, however, it will give Attorney 30-days' written notice. The Firm's policies and standards may change at the sole and unfettered discretion of the Firm and such changes may be disseminated to the attorney in writing without advance notice via email, memo, training collateral, policy or handbook.

2

8. Vacation, sick time, benefits and holidays will be provided pursuant to the terms of the employee handbook, the time and attendance protocol, and applicable insurance and PEO company policies and procedures.

9. The Firm will only pay malpractice insurance, occupational tax, bar dues, and CLE expenses up to the required hours per year for Texas and Illinois.

10. The Firm will offer participation in a 401(k) Plan according to the terms and conditions of the Plan.

11. We agree that this is at-will employment.  Attorney may be terminated for any reason or no reason at any time.  Similarly, Attorney may terminate their employment at any time for any reason, or no reason.

12. If Attorney has any clients that they continue to represent from before accepting employment at the Firm ("Pre-existing Clients"), Attorney has agreed to list those cases on Exhibit A to this Agreement prior to signing and to submit those cases to the Firm for acceptance.  The Firm will have the sole and unfettered discretion as to whether to accept or reject a Pre-existing Client, and if such client is rejected, Attorney will not represent them.  In exchange for bringing the accepted Pre-existing Clients to the Firm, the Firm has agreed to pay future case expenses on those cases.  The net fees received by the Firm (net of any interest paid to a prior law firm or any other firm) on these cases will be treated as Attorney's Net Fees Earned according to the terms of this offer.  Attorney will be responsible for obtaining client consent in writing to the fee splits negotiated with any other law firms related to these Pre-existing Clients.

13. After Attorney's employment begins, when a case comes to the Firm as a result of a direct referral to Attorney ("Referred Cases"), Attorney will request in writing that the case be treated as a Referred Case within the first five business days after the Firm is retained.  On behalf of the Firm, I will issue a written approval or disapproval, in my sole and unfettered discretion, of Attorney's request within five business days.  If I fail to respond, the request will be deemed denied.  Referred Cases are those cases that are directly referred to Attorney from sources that Attorney individually developed and not from sources known to both the Firm and Attorney.

14. Thirty-three percent (33%) of the fees collected by the Firm from Referred Cases will be considered your Net Fees Earned according to the terms of this Agreement.

15. Attorney will be expected to prosecute the Firm's cases assigned to them and everything that is involved with that:  filing suit, discovery, hearings, depositions and trials.  Attorney is also expected to follow all of the Firm's policies, procedures and practices applicable to Attorney at any given time.

16. During the term of this Agreement, Attorney agrees to devote their full business time, skills, and attention to the performance of their duties to the Firm.  Attorney shall not,

3

without the prior written consent of the Firm, engage in any other employment, profession, or business activity that would conflict with Attorney's obligations hereunder.

17. All the cases Attorney works on, accepts as referrals or signs up are the Firm's cases. Attorney is an employee with a fiduciary duty to the Firm and not allowed to be retained or perform work on cases outside of their employment with the Firm, nor is Attorney allowed to refer cases to attorneys outside of the Firm without my written permission.

18. Upon termination of employment for any reason, whether voluntary or involuntary, Attorney agrees to return to the Firm any and all property, equipment, credit cards and Firm intellectual property, within three business days. Attorney is not authorized to remove, retain or transfer any files belonging to the Firm, including but not limited to, physical or electronic documents, emails and/or other electronic data. If the Attorney believes the Firm possesses information or materials to which Attorney has a right, Attorney will request in writing a copy of such information or material. The Firm will respond to Attorney's request in writing within three business days.

19. If Attorney leaves the Firm for any reason, the cases remain the Firm's cases. Attorney will not be entitled to any fees on the cases that remain at the Firm after Attorney leaves. If, however, the clients desire to leave the Firm and keep Attorney as their attorney, Attorney is permitted to take those cases with them. ("Transferred Cases"). The Firm and Attorney will advise clients that, if they terminate their contract with the Firm without cause, the Firm will still be entitled to its attorney fees pursuant to the fee agreement the clients have with the Firm. After Attorney's employment has ended, the Firm will not continue to pay the case expenses related to Transferred Cases. The Firm may hold any Compensation, Bonus or Advance due Attorney in escrow to pay towards outstanding case expenses related to Transferred Cases.

20. Arbitration. Attorney and Firm agree that any controversy or claim arising out of relating to this Agreement, or the breach thereof, shall be settled by arbitration under the Arbitration Agreement between Attorney and Firm.

21. No failure to insist upon strict compliance with any provision of this Agreement shall be deemed a waiver of such provision or any other provision hereof. No failure to exercise and no delay in exercising, on the part of the Firm, any right, power or privilege hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies herein provided are cumulative and not exclusive of any rights or remedies provided by law or in any other agreement.

22. If any provision of this Agreement is found to be illegal or unenforceable, such provision shall be struck and the remaining provisions shall remain in full force and effect.

4

Please review the above and acknowledge your agreement by signing below.  If you have any questions, do not hesitate to contact me.

Sincerely,

*Dan Christensen*

Daniel J. Christensen

ACKNOWLEGED:

_____

Attorney

5

**Exhibit A**

☐   I have no "Pre-existing Clients" as that term is defined in the above Agreement.  I agree that there are no other cases outside the Firm that I am working on, alone or with others.

X   I have the following "Pre-existing Clients" as that term is defined in the above Agreement and am bringing these cases to the Firm:

| Client Name | Case Type | Description/Caption | Co-Counsel if any | Attorney share of fee | Notes |
|---|---|---|---|---|---|
| Albeck | | | Payton, Feuer | 1/3 | |
| Donets | | | Anderson, Wanca, Payton, Czaja and Konrad | 1/3 | |
| Fermaint | | | Sweis | 25% if recovery < 1M, 40% if recovery is > 1M | |
| Sorenson | | | Sulaiman | 25% if recovery < 1M, 40% if recovery is > 1M | |
| Freeman | | | Clark Quinn | 12.5% if recovery < 1M, 20% if recovery > 1M | |
| Moss 1 and 2 | | | | 100% | |

6

**Exhibit B**

The following is an illustration only. It is not intended to indicate the amount of Net Fees Attorney will earn or what they will likely be paid. It is simply intended to reflect the method of computing Attorney's Compensation.

| | Net Fees Earned | Cumulative Total Net Fees Earned | Cumulative Compensation | Loans | Draw | Cumulative Offset | Net Compensation Paid Beyond Draw | Pay/Fees % |
|---|---|---|---|---|---|---|---|---|
| Jan | $ 833,333 | $ 833,333 | $ 166,667 | $ 300,000 | $ 42,000 | $ 342,000 | $ - | 41.04% |
| Feb | $ 833,333 | $ 1,666,666 | $ 333,333 | | $ 42,000 | $ 384,000 | $ - | 23.04% |
| Mar | $ 833,333 | $ 2,499,999 | $ 500,000 | | $ 42,000 | $ 426,000 | $ 74,000 | 20.00% |
| Apr | $ 833,333 | $ 3,333,332 | $ 666,666 | | $ 42,000 | $ 542,000 | $ 124,667 | 20.00% |
| May | $ 833,333 | $ 4,166,665 | $ 833,333 | | $ 42,000 | $ 708,666 | $ 124,667 | 20.00% |
| Jun | $ 833,333 | $ 4,999,998 | $ 1,000,000 | | $ 42,000 | $ 875,333 | $ 124,667 | 20.00% |
| Jul | $ 833,333 | $ 5,833,331 | $ 1,166,666 | | $ 42,000 | $ 1,042,000 | $ 124,667 | 20.00% |
| Aug | $ 833,333 | $ 6,666,664 | $ 1,333,333 | | $ 42,000 | $ 1,208,666 | $ 124,667 | 20.00% |
| Sep | $ 833,333 | $ 7,499,997 | $ 1,499,999 | | $ 42,000 | $ 1,375,333 | $ 124,667 | 20.00% |
| Oct | $ 833,333 | $ 8,333,330 | $ 1,666,666 | | $ 42,000 | $ 1,541,999 | $ 124,667 | 20.00% |
| Nov | $ 833,333 | $ 9,166,663 | $ 1,833,333 | | $ 42,000 | $ 1,708,666 | $ 124,667 | 20.00% |
| Dec | $ 833,333 | $ 9,999,996 | $ 1,999,999 | | $ 42,000 | $ 1,875,333 | $ 124,667 | 20.00% |

7